OPINION OF THE COURT
George A. Murphy, J.
This is an action by plaintiff for personal injuries allegedly *467 sustained as the result of defendant’s sexual abuse of her during early childhood. The defendant now moves pursuant to CPLR 3211 (a) (5) for an order dismissing the complaint on the grounds that the time to bring the action has long expired. The plaintiff counters by asking the court to deprive the defendant of his right to interpose the Statute of Limitations on the grounds that his conduct would make it inequitable for the court to permit a defense of the Statute of Limitations under the circumstances of this case.
The plaintiff, now age 27, avers that during the years 1972 to 1975 (when she was between the ages of 8 and 11), the defendant, her natural father, subjected her to sexual abuse. She states, in pertinent part, in her affidavit: "When this activity began, I was scared and confused. Being a child, I was ignorant as to how to protect myself. Due to my father’s horrible conduct, I suppressed these events”. The plaintiff, without relating the history of her relationship with her father during the years subsequent to 1975, next states that in the latter part of 1990, while she, and her father at her request, were in therapy, he admitted that the sexual abuse had occurred. The plaintiff then sought legal counsel and brought this action for psychological injuries due, she claims, to her father’s said misconduct from 1972 to 1975. Through his attorney, the defendant denies all of the claims and allegations made by the plaintiff. He also contends that even if, arguendo, plaintiff’s claims were accepted as true, the plaintiff must still fail in her action since it has been brought long after the expiration dates for the time to commence the action.
When a party moves pursuant to CPLR 3211 (a) (5) for an order dismissing the complaint on the grounds of the Statute of Limitations, that party has the burden to show that the time to commence the action has, in fact, expired. That done, the other party then has the burden to show that the action qualifies for some exception to the application of the statute to the action (see, Hoosac Val. Farmers Exch. v AG Assets, 168 AD2d 822; Park Assocs. v Crescent Park Assocs., 159 AD2d 460; Waters of Saratoga Springs v State of New York, 116 AD2d 875, affd 68 NY2d 777). In the case at bar, the prior expiration of the Statute of Limitations is undisputed. Consequently, the plaintiff must now demonstrate that the court as a matter of equity should deprive the defendant of the benefit of the Statute of Limitations (CPLR 214, 215).
The plaintiff offers several arguments in urging the court to *468 utilize General Obligations Law § 17-103 (4) (b), which empowers the court to provide equitable relief to a plaintiff, if warranted: (1) psychological trauma from the experience causing her to repress her memory of it until the defendant’s 1990 admission of misconduct; (2) the horrible nature of the defendant’s conduct in sexually abusing a child; (3) the very silence of the defendant over the years, which "hid” his misdeeds; and (4) the defendant’s admission which mandates he be brought to justice rather than escape liability by application of the Statute of Limitations.
Although it is obvious that the allegations of the plaintiff, if true, call for the severest condemnation by all right-thinking persons of compassion, the court, while recognizing that the problem of adult survivors of child sexual abuse is a serious and widespread one, is nevertheless required to determine this matter in accordance with the law of the State of New York as contained in its statutes and judicial precedents.
Beginning then with plaintiff’s first point, in New York State the law is that psychological trauma and repression therefrom is insufficient to justify the avoidance of the Statute of Limitations in the name of equity. However, if a person is "insane”, New York will permit the avoidance of the Statute of Limitations pursuant to CPLR 208 since insanity deprives a person of the ability to function in society in various, requisite ways. In the leading case of McCarthy v Volkswagen of Am. (55 NY2d 543, 548, 549), the Court of Appeals held that CPLR 208 was intended "to extend * * * to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society”, not "a mere post traumatic neurosis” (Barnes v County of Onondaga, 65 NY2d 664, 666). A year ago, the Appellate Division, First Department, in Hoffman v Hoffman (162 AD2d 249, 250) denied the tolling of the Statute of Limitations to an adult survivor of childhood sexual abuse who relied on allegations of posttraumatic neurosis to come within the purview of CPLR 208. Similarly, in Smith v Smith (830 F2d 11, 12 [2d Cir 1987]), a case in which a daughter brought an action against her father alleging that he had sexually abused her repeatedly until she was 12 years old, which caused her to suffer neurosis and repression thereafter, the United States Court of Appeals, Second Circuit, reiterated and embraced the principles set forth in McCarthy and added that "the insanity tolling provisions of [CPLR] 208, even if applicable, would not have ex *469 tended her right to sue * * * when she was thirty-two years of age.”
This court has researched this point nationwide and in depth and is aware that in several States, such as Washington State (see, Wash Rev Code Annot § 4.16.340) and California (see, Cal Code Civ Pro § 340.1 [a]) legislative responses in the form, for example, of a delayed discovery rule, have given recognition to the need to afford adult survivors of childhood sexual abuse a remedy not available to others simply because of the trauma-produced long-term multiple psychological ailments suffered by the innocent victim (see, Daly v Derrick, 230 Cal App 3d 1349, 281 Cal Rptr 709 [6th Dist 1991]; Evans v Eckelman, 216 Cal App 3d 1609, 265 Cal Rptr 605 [1st Dist 1990]; Meiers-Post v Schafer, 170 Mich App 174, 427 NW2d 606 [1988]; Osland v Osland, 442 NW 2d 907 [ND 1989]; Hammer v Hammer, 142 Wisc 2d 257, 418 NW2d 23 [1987]; Johnson v Johnson, 701 F Supp 1363 [ND Ill 1988]; see also, Comment, Adult Incest Survivors and the Statute of Limitations: The Delayed Discovery Rule and Long-Term Damages, 25 Santa Clara L Rev 191 [1985]).
Turning now to plaintiff’s second argument based on the alleged horrible nature of defendant’s misconduct, the law in New York is that "[i]t is insufficient for the plaintiff to argue that the gravity of the alleged tortious conduct of the defendants, in and of itself, gives rise to an estoppel.” (Hoffman v Hoffman, 162 AD2d 249, supra.) In each case, were the gravity of the particular conduct to constitute the test for the application of the Statute of Limitations, much uncertainty would be introduced into the issue since such test would be too subjective as a guide to the courts. Thus, this argument of the plaintiff must be rejected under present New York law.
It should be noted that CPLR 201 expressly states: "No court shall extend the time limited by law for the commencement of an action”. However, notwithstanding this prohibition, the New York Legislature and the Court of Appeals have wisely taken cognizance of the need to provide reasonable exceptions as changing conditions warrant, e.g., malpractice and toxic substance cases (see, CPLR 214-a, 214-b, 214-c), as well section 17-103 (4) (b) of the General Obligations Law, which is very relevant here and will be discussed next.
The third argument proffered by the plaintiff is that the defendant maintained silence during the ensuing years regarding his misconduct from 1972 to 1975, which in effect *470 concealed his acts from her. Section 17-103 (4) (b) of the General Obligations Law statutorily retains for the courts the power "to find that by reason of conduct of the party to be charged it is inequitable to permit him to interpose the defense of the statute of limitations”. This opportunity to circumvent the Statute of Limitations is predicated, however, upon the plaintiff demonstrating that the defendant conducted himself in such an overt manner, after his wrongdoing, as to induce the plaintiff to delay commencement of her action on time or otherwise prevent her from doing so (see, Simcuski v Saeli, 44 NY2d 442, 448-449; Hoffman v Hoffman, supra; Storey v Sum, 151 AD2d 991). "The doctrine of equitable estoppel usually comes into play when some conduct by a defendant after his initial wrongdoing has prevented the plaintiff from discovering or suing upon the initial wrong” (Smith v Smith, supra, at 13 [emphasis added]). Thus more than silence is required in New York (Powers Mercantile Corp. v Feinberg, 109 AD2d 117, 122; see also, State of New York Higher Educ. Servs. Corp. v Zamore, 59 NY2d 933; Rains v Metropolitan Transp. Auth., 120 AD2d 509; Jordan v Ford Motor Co., 73 AD2d 422; Glover v National Bank, 156 App Div 247).
In her fourth point, buttressed by the affidavit of her treating psychologist, plaintiff relies upon defendant’s admission of misconduct. Appellate courts in Nevada and Michigan appear to be the only jurisdictions which have either barred or tolled its Statute of Limitations in cases brought by adult survivors of childhood sexual abuse where there has been "clear and convincing” evidence in the form of a criminal conviction (Petersen v Bruen, 792 P2d 18, 25 [Nev 1990]) or corrobative testimony by the perpetrator’s admission (Meiers-Post v Schafer, 170 Mich App 174, 427 NW2d 606 [1988], supra). These courts have concluded that this kind of "objective evidence” serves as an "objective manifestation” (see, Tyson v Tyson, 107 Wash 2d 72, 727 P2d 226) of the plaintiff’s injuries and eliminates a judicial and legislative concern towards stale claims.
Nevertheless, New York does not follow the proposition that the mere claim or even proof of an admission by the defendant will warrant avoidance of the time limit fixed by a Statute of Limitations. Clearly, the basic question is whether the plaintiff inexcusably failed to timely move to assert her rights when in a position and reasonably able to do so. A plaintiff in this jurisdiction, as pointed out hereinbefore, must *471 demonstrate inter alla that she suffered not merely from a neurosis but was beyond question "overall mentally disabled”. If such an extreme condition is not present, she must show that she was actually induced by the defendant not to move legally against him or that he actually, by some overt conduct, prevented her from protecting her rights in a timely fashion. Nor can the plaintiff simply rely upon the outrageous nature of defendant’s acts, nor his purported admission of misconduct, to overcome the application of the Statute of Limitations to her case. Thus, point four affords no basis for the relief claimed by the plaintiff.
Every person is presumed to know the law and, unless legally disabled, will not delay using it in a timely fashion. Moreover, it may even be that a defendant, knowing the limitations of the law and realizing the statute has run, will use the law as a shield against any attempted retribution. That such a person can so successfully avoid liability for alleged misconduct is abhorrent not only to the victim but to those who strongly feel that law should never honor what they see as form over what they feel is substance. This feeling is understood by the court, but law, not feelings, must govern us — or there will be no law at all.
Deciding this case solely on the applicable law as set forth in this decision, the court must and does hereby grant the defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the grounds that the action has not been timely brought and that the plaintiff has failed to allege or establish sufficient facts to bring her action within the exception provided by the provisions of General Obligations Law § 17-103 (4) (b).
Ordinarily, when an action is dismissed under CPLR 3211, the court is inclined to allow an amended complaint to be served in order to permit the party to replead and perhaps withstand a further challenge to the action. That requires, however, that the plaintiff, in the first instance, not state the facts of the case and theory of action to such a degree so as to preclude the reasonable probability that further pleading is viable under the circumstances. Here the plaintiff has relied totally on her right to come within the provisions of General Obligations Law § 17-103 (4) (b) and has stated the facts upon which she bases her action. It appears, for example, that plaintiff may not now abandon her claim of mere neurosis and substitute a history of extreme over-all disability as required by CPLR 208, or choose now to abandon her claim of defen *472 dant’s silence and substitute a history of inducing and preventing overt conduct on his part to delay her action. Her reliance upon the horrible nature of the alleged conduct or its admission cannot be anymore help if again presented than it has been in this proceeding. For these reasons, but essentially because the plaintiff has failed to justify her belated commencement of her action, the court can find no basis upon which an amended pleading or further affidavits can be acceptable, appropriate or legally sufficient as a matter of law.
The decision of this court on the law should not be viewed as reflecting an insensitivity to the possible legislative need for a more specific statute addressing the special circumstances of adult survivors of childhood sexual abuse when the trauma has contributed to provable psychological damage and the initiative to assert a right of action is blocked by repression of memory until after the time to bring suit has expired (see, Comment, Tort Remedies for Incestuous Abuse, 13 Golden Gate UL Rev 609, 630 [1983]). Child sexual abuse is an invidious invasion of a child’s person and psyche, resulting in devastating emotional and psychological damage (see, A Glance at the Past, A Gaze at the Future: A Critical Analysis of the Development of the Child Abuse Reporting Statutes, 54 Chi-Kent L Rev 641, 644 [1977-1978]). It has reached epidemic proportions in the United States, with more than 200,000 children abused each year (Comment, Not Enough lime?: The Constitutionality of Short Statutes of Limitations for Civil Child Sexual Abuse Litigation, 50 Ohio St LJ 753, 755 [1989]). Perhaps it is time for the Legislature to address this important issue, as other States have done, by enacting a special statute affording victims such particular procedural relief. In the interim, however, a plaintiff must meet the statutory requirements and come within the established judicial precedents in New York State in order to maintain an action after the time to do so has expired.