[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1350 
The plaintiffs appeal from a judgment holding that their action is barred by the statutes of limitations. Steve Travis and his wife Renee Travis brought this action in 1994, alleging assault and battery, negligence, negligent hiring and supervision, wantonness, outrage, civil conspiracy, and breach of fiduciary duty against Father Nelson B. Ziter, Archbishops Oscar H. Lipscomb and William H. Keeler, Rev. Roger J. Lacharite, the Archdiocese of Mobile, the Society of St. Edmund, the National Conference of Catholic Bishops, and the United States Catholic Conference. Specifically, the Travises allege that Steve Travis was subjected to both physical and sexual abuse at the hands of Fr. Ziter between the years 1974 and 1979, while Steve was a minor. The defendants filed motions to dismiss, Rule 12(b)(6), A.R.Civ.P., arguing that the complaint is barred on its face by the applicable statutes of limitations because, they argued, the various causes of action accrued no later than 1979. In opposition to the motion to dismiss, the Travises argue that Steve was unaware of his causes of action until 1993, claiming that he had repressed memory of the events until then, when, they say, a visit to Fr. Ziter "triggered" a memory of the events. The Travises recognize that they brought this action in 1994, well after the applicable statutes of limitations otherwise would have barred the action,[1] but they argue that the memory repression *Page 1351 
should be held to toll the running of the limitations period; they claim the benefit of the disability of insanity, which allows a plaintiff to file at any time up until three years after the termination of the "disability" that existed when the cause of action "accrued." § 6-2-8, Ala. Code 1975.
A dismissal based on the statute of limitations is proper only if, from the face of the complaint, it is apparent that the tolling provisions do not apply. Williams v. Capps TrailerSales, 589 So.2d 159, 160 (Ala. 1991). If the court considers matters outside the pleadings in ruling on the defendant's motion to dismiss, then the motion is converted into a motion for summary judgment, regardless of how the motion was styled. Rule 12(b), Ala.R.Civ.P.; Papastefan v. B L Constr. Co.,356 So.2d 158 (Ala. 1978). The circuit court held a hearing to consider the defendants' motions to dismiss, and the Travises presented affidavits from Steve Travis and the clinical psychologist who had been treating him. Because there was no indication during the course of the hearing, or in the circuit court's order dismissing the plaintiff's claims, that the court had excluded the affidavits, we must assume that the circuit court considered them when it ruled on the motions. Thus, we must analyze the motions to dismiss under the summary judgment standard. Rule 12(b), Ala.R.Civ.P.
In reviewing a summary judgment, we must determine whether the movant made a prima facie showing that there was no genuine issue of material fact and that the movant was entitled to a judgment as a matter of law. If the movant made that showing, then the burden shifted to the nonmovant to rebut that showing by presenting substantial evidence creating a genuine issue of material fact. In determining whether the trial court was presented substantial evidence creating a genuine issue of material fact, a reviewing court must examine the record in a light most favorable to the nonmoving party and must resolve doubts in favor of the nonmoving party. Rule 56(c), Ala.R.Civ.P.; Martin v. Arnold, 643 So.2d 564 (Ala. 1994);Southern Guar. Ins. Co. v. First Alabama Bank, 540 So.2d 732
(Ala. 1989); Harbison v. Albertville Nat'l Bank, 495 So.2d 1084
(Ala. 1986). "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.,547 So.2d 870, 871 (Ala. 1989).
The only evidence before the circuit court was the two affidavits submitted by the Travises. The defendants presented no evidence. Normally, a defendant's failure to present evidence in support of its summary judgment motion (here, a motion to dismiss treated as a summary judgment motion) would prevent the burden from shifting to the nonmovant to come forward with evidence in response to the motion. In such cases, a summary judgment would be inappropriate. See Mixon v. Cason,622 So.2d 918, 921 (Ala. 1993). However, even assuming the truth of Steve Travis's claim that he suffered from post-traumatic stress disorder and as a result repressed all memory of the alleged abuse until 1993, as alleged in the complaint and the affidavits, we are faced with a question of law: Whether the combination of post-traumatic stress disorder and repressed memory can be considered an "insanity" disability, within the meaning of § 6-2-8, Ala. Code 1975, that will toll the running of the limitations period.
The controversial question of repressed memory of childhood sexual abuse has been the subject of numerous studies and law review articles. See, e.g., Gary M. Ernsdorff Elizabeth F. Loftus, Let Sleeping Memories Lie? Words of Caution AboutTolling the Statute of Limitations in Cases of MemoryRepression, 84 J.Crim. L. Criminology 129 (1993); Report of the Council on Scientific Affairs, American Medical Association, Memories *Page 1352 of Childhood Abuse, CSA Report 5-A-94; Mark MacNamara, FadeAway, The Rise and Fall of Repressed-Memory Theory in theCourtroom, Cal. Law., Mar. 1995, at 36; Julie Schwartz Silberg, Note, Memory Repression: Should it Toll the StatutoryLimitations Period in Child Sexual Abuse Cases?, 39 Wayne L.Rev. 1589, 1591 (1993). Review of these studies and articles leads to one conclusion: There is no consensus of scientific thought in support of the repressed memory theory.
With these concerns in mind, we begin our analysis with the tolling provision the Travises ask us to apply in their case:
 "(a) If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time such right accrues, below the age of 19 years, insane or imprisoned on a criminal charge for any term less than for life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action. . . ."
§ 6-2-8, Ala. Code 1975 (emphasis added). Although the strict application of statutes of limitations is tempered somewhat by the narrow exceptions prescribed in the tolling provisions, the public policy behind the time-bar concept is quite clear:
 "Statutes of limitations are founded in part at least on general experience that claims which are valid usually are not allowed to remain neglected, and that the lapse of years without any attempt to enforce a demand creates a presumption against its original validity or that it has ceased to exist. The basic principle most generally relied on by the authorities is that statutes of limitations are statutes of repose, the object of which is to prevent fraudulent and stale claims from springing up after long periods of time and surprising the parties or their representatives when evidence has become lost or the facts have become obscure from the lapse of time. 53 C.J.S. Limitations of Actions
§ 1, at 902-903, and authorities cited therein."
Stephens v. Creel, 429 So.2d 278 (Ala. 1983) (quoting Seybold v.Magnolia Land Co., 376 So.2d 1083, 1086 (Ala. 1979)). Because statutes of limitations are a necessary means of ensuring the reliability of the fact-finding process, a court must exercise great caution when a party seeks to apply the tolling mechanism found in § 6-2-8.
The question before us is a difficult one because very few modern cases examine the meaning of "insanity," as used in § 6-2-8. While our cases recognize "the need to protect individuals suffering under certain disabilities," Emerson v.Southern Ry. Co., 404 So.2d 576, 578 (Ala. 1981), neither our statutes nor our case law clearly defines the term "insane." Section 1-1-1, Ala. Code 1975, defines the terms "lunatic," "insane," and "non compos mentis" as including "all persons of unsound mind." It is unclear what constitutes an "unsound mind" for purposes of tolling the running of the limitations period until removal of the disability.
In Alabama Power Co. v. Shaw, 215 Ala. 436, 111 So. 17
(1926), the Court held that "insanity" encompasses temporary unsoundness of the mind and recognized that the word "signifies any derangement of the mind that deprives it of the power to reason or will intelligently." 215 Ala. at 440, 111 So. at 20
(quoting Johnson v. Maine N.B. Ins. Co., 83 Me. 182,22 A. 107 (1891)). Shaw was injured in an industrial accident when he was struck in the head by a shattered pulley, and, for a period of time exceeding the time prescribed by the statute of limitations, Shaw was of "unsound mind." Id. Based on Shaw and decisions from other jurisdictions, the Travises contend that the insanity tolling provision should be construed broadly and liberally to apply to situations where a person, otherwise competent to marry, rear children, and remain employed, is unable to comprehend specific legal rights pertaining to a potential cause of action. Relying on Shaw, the Travises argue that the Court's acceptance of temporary insanity as a situation that will toll the running of the limitations period, together with the Court's recognition that the statutory term "insanity" is both "unexplained and unlimited," Shaw,215 Ala. at 440, 111 So. at 20, supports a construction of § 6-2-8 that would be consistent with *Page 1353 
cases from other jurisdictions allowing a jury to determine whether memory repression constitutes a form of insanity.
Most jurisdictions that have considered whether to apply insanity tolling provisions to cases of repressed memory have refused to apply them. Lemmerman v. Fealk, 449 Mich. 56,534 N.W.2d 695 (1995); Lovelace v. Keohane, 831 P.2d 624
(Okla. 1992); O'Neal v. Division of Family Servs., 821 P.2d 1139
(Utah 1991); Burpee v. Burpee, 152 Misc.2d 466, 578 N.Y.S.2d 359
(Sup.Ct. 1991); Hildebrand v. Hildebrand, 736 F. Supp. 1512
(S.D. Ind. 1990); Whatcott v. Whatcott, 790 P.2d 578 (Utah App. 1990); see also Russell G. Donaldson, Annotation, Runningof Limitations Against Action for Civil Damages for SexualAbuse of Child, 9 A.L.R.5th 321, 353 (1993).
In Lemmerman, the Michigan Supreme Court determined that the policy goal of maintaining "some indicia of assurance of reliable fact finding," furthered by the statute of limitations, would be compromised by allowing repressed memory to function as an insanity tolling mechanism.[2] 449 Mich. at 74,534 N.W.2d at 702. Lemmerman brought an action in 1990 against her father's estate, her mother, and her aunt, alleging assault and battery and intentional infliction of emotional distress; the claims arose out of alleged physical and sexual abuse that had occurred between the years 1939 and 1949. See449 Mich. at 62, 534 N.W.2d at 697. In holding for the defendants, the court expressed concern that the current lack of a consensus concerning the reliability of the repressed memory theory and the inherent subjectiveness of placing a plaintiff in the "discretionary position to allege the onset of the disability of repressed memory and the termination of that condition, [would] vitiate the statute of limitations as a defense."449 Mich. at 76, 534 N.W.2d at 703. The court indicated that the legislature was the more appropriate forum for parties seeking recognition of the suppressed memory theory. 449 Mich. at 77,534 N.W.2d at 703.
In Lovelace v. Keohane, the Oklahoma Supreme Court considered the case of a plaintiff who claimed to suffer from multiple personality disorder that she said was a result of repeated instances of sexual abuse suffered as a minor and suffered at the hands of both her father and a priest. The court considered whether to accept memory repression as an insanity disability that would toll the running of the limitations period. 831 P.2d at 626-27. Because Lovelace was a "highly respected social worker" and had received a master's degree with honors, the court concluded that she was able to conduct her business affairs to such an extent that she could not assert the existence of a legal disability that would toll the running of the limitations period. Id. at 629. The court stated that although it had not defined the term "legal disability," it could hold as a matter of law that repressed memory does not constitute a legal disability in cases where the plaintiff has demonstrated an ability to manage her affairs effectively. Id.
In Burpee v. Burpee, the plaintiff claimed that as a child she suffered years of sexual abuse by her father and that the years of abuse caused her to repress the memories of the events until therapy "triggered" a retrieval of the memories 15 years after the last incidence of abuse. 578 N.Y.S.2d at 360. Burpee argued that the "psychological trauma from the experience caus[ed] her to repress her memory of it until the defendant's 1990 admission of misconduct [during therapy]," and that because of this repression, the application of the statute of limitations should be tolled under an insanity theory. Id. The New York court rejected Burpee's contention by reiterating that the New York insanity tolling provision is intended " 'to extend . . . to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society.' " Id. at 361 (quoting McCarthy v.Volkswagen of America, Inc., 55 N.Y.2d 543, 435 N.E.2d 1072,1075, 450 N.Y.S.2d 457, 460 (1982)). According to the court, Burpee's alleged memory loss due to the trauma did not rise *Page 1354 
to the level of an overall inability to function in society.Id.
In O'Neal v. Division of Family Servs., the Utah Supreme Court, quoting McCarthy, supra, borrowed from the New York interpretation of mental incompetency and held that a person able to obtain a post-secondary education, hold down a series of jobs, and provide basic necessities such as food, shelter, and clothing, could not avail himself of the insanity tolling provision based on the repressed memory theory, because the ability to accomplish normal activities precluded, as a matter of law, a conclusion that the person had an "overall inability to function in society." 821 P.2d at 1142; see Whatcott v.Whatcott, 790 P.2d 578, 581 (Utah App. 1990) (rejecting plaintiff's insanity argument because he had received a college degree, had married, and had held a job). O'Neal argued that he could avail himself of the insanity tolling mechanism simply by being unable to comprehend his specific legal rights related to the abuse. 821 P.2d at 1142. In rejecting the broad interpretation of insanity suggested by O'Neal, the court stated:
 "[T]he rule O'Neal urges upon us would undermine the operation of statutes of limitations by converting a rather narrowly available tolling provision into one that could reach an almost endless variety of situations. Under his proposal, any person otherwise competent could avoid a statute of limitations by claiming to have been psychologically disabled from asserting a specific legal claim before the statute of limitations ran. . . . [I]f this sort of change is to be made in the law of limitations or some narrow exception is to be crafted to deal only with sexual abuse cases, the matter should be addressed to the legislature."
Id. at 1143.
Among the cases cited by the Travises are cases generally defining the degree of incapacitation required for a party to fall within the definition of "insanity." The common theme running throughout these cases is that persons need not be wholly incapacitated to avail themselves of insanity tolling provisions. Rather, according to the Travises, a person can be insane for purposes of insanity tolling provisions simply by having a substantial inability to comprehend particular legal rights, notwithstanding that the person has the ability to carry on all other activities competently. See Harrington v.County of Ramsey, 279 N.W.2d 791 (Minn. 1979); In re: Kappel'sGuardianship, 242 Iowa 1021, 47 N.W.2d 825 (1951).
The Travises argue that the question whether the combination of post-traumatic stress disorder and repressed memory constitutes insanity is a fact question appropriate for a jury to determine. The Travises cite a number of cases in support of this proposition. See Jones v. Jones, 242 N.J. Super. 195,576 A.2d 316, 321 (App.Div.), cert. denied, 122 N.J. 418,585 A.2d 412 (1990); Phillips v. Sugrue, 800 F. Supp. 789
(E.D. Ark. 1992); Leonard v. England, 115 N.C. App. 103,445 S.E.2d 50 (1994). In each of those cases, the court did not address the speculative nature of the repressed memory theory.
The Travises also rely on cases from other jurisdictions that have considered similar claims of memory repression as constituting an exception to the strict application of the statute of limitations and have considered those claims in light of "discovery rules" available in these jurisdictions, either by statute or judicial construction (i.e., rules providing that a limitations period will run from the date of the discovery of the cause of action). See Tyson v. Tyson,107 Wn.2d 72, 727 P.2d 226 (1986); DeRose v. Carswell, 196 Cal.App.3d 1011,242 Cal.Rptr. 368 (1987); Hammer v. Hammer,142 Wis.2d 257, 418 N.W.2d 23 (1987), review denied,144 Wis.2d 953, 428 N.W.2d 552 (1988); E.W. v. D.C.H., 231 Mont. 481,754 P.2d 817 (1988); Johnson v. Johnson, 701 F. Supp. 1363
(N.D. Ill. 1988); Osland v. Osland, 442 N.W.2d 907 (N.D. 1989);Hildebrand, supra; Evans v. Eckelman, 216 Cal.App.3d 1609,265 Cal.Rptr. 605 (1990); Baily v. Lewis, 763 F. Supp. 802
(E.D.Pa.), aff'd, 950 F.2d 721, 722 (3d Cir. 1991); Schmidt v.Bishop, 779 F. Supp. 321 (S.D. N.Y. 1991). These cases are not persuasive, because this Court will not apply the discovery rule unless it is specifically prescribed by the Legislature.Garrett v. Raytheon Co., 368 So.2d 516, 521 (Ala. 1979). The *Page 1355 
discovery rule in Alabama is statutorily prescribed for certain actions, e.g., asbestos-exposure actions, § 6-2-30(b); fraud actions, § 6-2-3; medical liability actions, § 6-5-482(a); product liability actions, § 6-5-502(b); and legal services liability actions, § 6-5-574(a), Ala. Code 1975.
The ultimate consideration in determining whether to allow the Travises' claims to survive through application of the insanity disability tolling provision is whether the policy goals furthered and protected by the statute of limitations would remain intact if that were allowed. At its core, the statute of limitations advances the truth-seeking function of our justice system, promotes efficiency by giving plaintiffs an incentive to timely pursue claims, and promotes stability by protecting defendants from stale claims. The essence of the Travises' argument is that plaintiffs should be able to use the tolling provision in any situation where they can demonstrate an inability to comprehend a specific legal right, or to recall events that happened many years before, notwithstanding the fact that they have been capable of living an independent, normal, and productive life as to all other matters. Such an expansive interpretation would undermine the purpose of the statutes of limitations. There is no established acceptance of repressed memory as a psychological phenomenon. If this Court accepted it as constituting "insanity," then plaintiffs, such as the Travises, would be in subjective control of the limitations period and would be able to assert stale claims without sufficient justification or sufficient guaranties of accurate fact-finding.
We reject the Travises' argument that Shaw, supra, supports an expansive interpretation of the term "insanity." In Shaw, the Court recognized the following meaning of "insanity": "[I]t signifies any derangement of the mind that deprives it of the power to reason or will intelligently." 215 Ala. at 440,111 So. at 20. Because in Shaw the Court allowed a tolling of the limitations period because of temporary insanity, the Travises argue for recognition of "claim-specific" insanity. We are not persuaded by the Travises' repeated insinuation that the Shaw
Court, by stating that insanity is not limited to a "chronic or fixed condition," intended to bring within the protection of the insanity tolling provision those persons claiming to suffer from a mental illness that affects only an understanding of a particular legal right. This argument ignores both the context of the case and the obvious consequences flowing from such an interpretation.
Although we sympathize with victims of childhood sexual abuse, we cannot allow the insanity tolling provision to become a means of resurrecting stale claims. To interpret the statutes of limitations as the Travises ask us to would invite unwelcome results. Therefore, we hold that § 6-2-8, Ala. Code 1975, does not allow for an extension of the statutory limitations period for actions based on alleged repressed memories.
Each cause of action alleged by the Travises accrued no later than the last alleged actionable contact by Fr. Ziter with Steve Travis, which would have occurred in 1979. Because the Travises did not file this action until 1994, the limitations period for each of the Travises' claims has run. Therefore, the statutes bar the claims. See §§ 6-2-34(1), -38(l), and -38(n), Ala. Code 1975.
Based on the foregoing discussion, we affirm the judgment for each defendant on each count.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
[1] It is undisputed that if no "tolling" provision applies, then the limitations period has run on each of the Travises' claims. The Travises' complaint was not filed until 15 years after the last alleged incident of physical and sexual abuse. Actions alleging negligence, wantonness, the tort of outrage, breach of fiduciary duty, or civil conspiracy must be brought within two years after the accrual of the cause of action. § 6-2-38(l), Ala. Code 1975. Actions seeking a recovery based upon the theory of respondeat superior must be brought within two years after the accrual of the cause of action. § 6-2-38(n), Ala. Code 1975. However, with the exception of the Travises' assault and battery claims, the appropriate statutory limitations period would presumably be one year because those other claims accrued before 1985, the year in which the one-year limitations provision of § 6-2-39 was repealed and § 6-2-38 was amended to allow two years for filing claims formerly covered by § 6-2-39.See Burns v. Sealy Ins. Agency, Inc., 545 So.2d 763 (Ala. 1989). An action alleging assault and battery must be brought within six years after the accrual of the cause of action. §6-2-34(1), Ala. Code 1975.
[2] Michigan defines "insanity" as "a mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know." Mich. Comp. Laws § 600.5851(2) (1987).