THOMPSON, Judge.
The plaintiff appeals from a summary judgment for the defendants in this action based on the plaintiffs purchase of a truck from the defendants. On July 29,1996, Herman Riñes sued Freightliner Trucks of Do-than, Inc., and Larry Gilliland (hereinafter collectively referred to as “Freightliner”), alleging fraud, breach of warranty, and breach of contract, and claiming, among other damages, damages for mental anguish. Freight-liner moved to dismiss Rines’s complaint on the basis that the statutory limitations period had expired and on the basis that the sales agreement between these parties had expressly excluded all warranties. The motion also sought to strike Rines’s claims for damages based on mental anguish and his claim for an attorney fee.
On August 8, 1996, the trial court entered an order allowing Riñes 14 days in which to respond to Freightliner’s motion. Riñes filed his response on August 22,1996. On August 23, 1996, Freightliner amended its motion, submitting with the amendment a copy of the sales agreement relating to the truck. The court held a hearing on the motion on November 25, 1996. On November 26, 1996, it entered an order stating: “Plaintiff has 14 days to brief the issue of the statute of limitations. Court reserves ruling on all issues until the applicable law is provided.” The plaintiff did not brief the court on the issues as requested.
On January 10, 1997, the court entered an order granting Freightliner’s motion to dismiss and to strike. On February 10, 1997, Riñes moved for a new trial and, in the alternative, sought to amend his complaint to include an affidavit stating that the alleged fraud was first discovered on August 10, 1994. The court denied that motion on February 11, 1997. Riñes appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
The trial court’s order reads as follows:
“The matter before the Court being the Motion to Dismiss and to Strike filed by Defendants Freightliner Trucks of Dothan, Inc., and Larry Gilliland, and after considering all matters filed in support of and in opposition to Defendants’ Motion and after a hearing on Defendants’ Motion held on November 25, 1996, the Court finds that Defendants’ Motion to Dismiss and to Strike is due to be granted. It is, therefore, ORDERED that Defendants’ Motion to Dismiss and to Strike is granted and this case is dismissed.”
Rule 12(e), Ala. R. Civ. P., provides that a motion to dismiss will be treated as a motion for summary judgment when the trial judge considers matters outside the pleadings. See Travis v. Ziter, 681 So.2d 1348 (Ala.1996); Holway v. Wanschek, 690 So.2d 429 (Ala.Civ.App.1997). In this case, the parties each filed a brief with the court and Freightliner filed copies of several sales documents relating to the transaction between the parties. In addition, the trial court conducted a hearing on Freightliner’s motion. Because in ruling on the motion the court considered matters outside the parties’ pleadings, Freightliner’s motion to dismiss was converted into a motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P.; Travis v. Ziter, supra. Thus, although the trial court said it was dismissing the action, we treat the dismissal order as a summary judgment.
*165 As a procedural safeguard, the non-moving party must receive adequate notice that the trial court intends to consider matters outside the pleadings and also must have a reasonable opportunity to present any evidence in opposition. Francis v. Nicholas, 689 So.2d 101, 103 (Ala.Civ.App.1996). Riñes did have notice that the trial court intended to consider matters outside the pleadings. A copy of Freightliner’s motion to dismiss and a copy of the amendment to that motion, with the attached copy of the parties’ contract, were served on Riñes. Also, on August 26, 1996, the trial court entered a notation on the ease action summary sheet setting a date for hearing the motion to dismiss. After several continuances, the hearing was conducted on November 25, 1996. On November 26, 1995, the trial court again entered an order on the case action summary sheet; that order allowed Riñes 14 days to provide the court with a brief on the relevant case law, and stated that the “Court reserves ruling on all issues until the applicable law is provided.” Clearly, Riñes had notice of the trial court’s intention to consider matters outside the pleadings and had an opportunity to oppose Freightliner’s motion and evidence. The appropriate procedural safeguards were provided; the motion to dismiss in this case was converted to a motion for summary judgment.
In reviewing a summary judgment, this court must determine whether the mov-ant made a prima facie showing that there was no genuine issue of material fact and that the movant was entitled, as a matter of law, to a judgment. Rule 56(c), Ala. R. Civ. P.; Travis v. Ziter, supra. Once the movant makes this prima facie showing, the burden shifts to the nonmovant to show, by substantial evidence, that a genuine issue of material fact exists. Gary v. Cross, 678 So.2d 154, 156 (Ala.Civ.App.1996). The Supreme Court of Alabama has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgement can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989).
First, Riñes argues that the existence of the warranties is a factual issue. He also argues that Freightliner failed to make some minor promised repairs to the truck prior to delivery and thus breached the contract. Freightliner submitted its brief and a copy of the sales agreement for the truck in support of its motion to dismiss. In one section, the sales agreement clearly disavows all warranties and expressly states that the truck was being sold “as is.” Rines’s signature appears just below this section of the sales agreement. Further, the sales agreement also states that “[t]his contract constitutes the entire agreement between the parties.” When an agreement of the parties is evidenced by a writing, all statements, promises, and negotiations made before the execution of the written contract are merged into the final written contract. Lake Martin/Alabama Power Licensee Ass’n, Inc. v. Alabama Power Co., 601 So.2d 942 (Ala.1992); Poole v. Henderson, Black & Greene, Inc., 584 So.2d 485 (Ala.1991). Thus, we must take the sales agreement entered into by Riñes and Freightliner as constituting their agreement for the purposes of our considering the warranty and contract claims. Given the express language of the sales agreement, we conclude that summary judgment was proper on the warranty and contract claims.
Riñes also argues that the summary judgment was improper as to his fraud claim. Freightliner’s only argument regarding Rines’s fraud claim is that the statute of limitations bars that claim.
Riñes, on February 10, 1997, filed a document styled “Motion for a New Trial or in the Alternative to Amend the Complaint.” In support of that motion, Riñes filed an affidavit stating that he did not discover the alleged fraud until August 10,1994. Relying on that date, Riñes argues that his fraud claim is not time-barred.
Rines’s complaint alleges that he purchased the truck from Freightliner on July 7, 1994, and that he took delivery of the truck on July 27, 1994. The face of the complaint also alleges that “on or about July 27, 19%,” Riñes discovered that Freightliner’s representations regarding the truck were false and had been made with a reckless disregard for the truth. Riñes filed his complaint on July *166 29, 1996. Freightliner argued in the trial court, and argues here as well, that, from the face of the complaint, one must conclude that the alleged misrepresentation, if it did occur, occurred more than two years before Riñes filed his complaint. However, even though that may be so, Riñes points out to this court — although he apparently did not make it clear to the trial court — that July 29,1996, was the last day on which he could sue on the fraud claim. The statutory limitations period for a fraud action is two years from the discovery of the fraud. § 6-2-3, Ala.Code 1975; Howard v. Mutual Sav. Life Ins. Co., 608 So.2d 379 (Ala.1992). Rines’s complaint alleges that the fraud was discovered on or about July 27, 1994. Two years later would have been July 27, 1996, and that date was a Saturday. Thus, Riñes had until the following Monday, July 29, 1996, to file his complaint. See Rule 6, Ala. R. Civ. P. Riñes did file it on that date; thus, his fraud claim is not barred by the statute of limitations.
Even considering the July 27, 1994, allegation as stating the date of the alleged fraud, it is clear that Riñes had until July 29, 1996, to file his action alleging fraud. Thus, the summary judgment was improper as to the fraud claim.
Riñes further argues that the trial court erred in refusing to allow him to amend his complaint. We note that Riñes sought to amend his complaint to state that the date of discovery of the alleged fraud was August 10, 1994. However, the face of the original complaint states that Riñes discovered the alleged fraud on July 27, 1994. As previously discussed, Rines’s fraud claim was timely filed, even taking July 27,1994, as the date of the discovery. Because the fraud claim was not barred by the statute of limitations, we need not consider whether the court erred in not allowing Riñes to amend his complaint.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.