11-3377-cv
Sistrunk v. Eli Lilly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

Present:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

REGINALD SISTRUNK,

> *Plaintiff-Appellant*,

> v.                                                                No. 11-3377-cv

ELI LILLY AND COMPANY,

> *Defendant-Appellee.*

_____


For Plaintiff-Appellant:              Reginald Sistrunk, *pro se*, Auburn, AL

For Defendant-Appellee:          Adam B. Michaels, New York, NY, Nina M. Gussack, and KaSandra N. Rogiers, Philadelphia, PA, Pepper Hamilton LLP

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Reginald Sistrunk, proceeding *pro se*, appeals the district court's order granting summary judgment for Defendant-Appellee, on his breach of warranty claim in connection with his injuries resulting from taking the drug Zyprexa. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiff Sistrunk contends that the district court erred in dismissing his breach of warranty claim as time-barred, arguing that the relevant statute of limitations should have been tolled because he was insane when his claim accrued. Under Alabama law, the statute of limitations is tolled where a person is "insane" at "the time the right [to sue] accrues." *See* Ala. Code 1975 § 6-2-8. The Alabama Supreme Court, interpreting this statute, has suggested that insanity "signifies any derangement of the mind that deprives it of the power to reason or will intelligently." *Travis v. Ziter*, 681 So. 2d 1348, 1352 (Ala. 1996) (internal quotation marks omitted). The plaintiff bears the burden to show that the statute of limitations should be tolled. *See Love v. Wyeth*, 569 F. Supp. 2d 1228, 1231-32 (N.D. Ala. 2008).

At the time Sistrunk's cause of action accrued in 2001, he was institutionalized because of his mental illness. He was released from the mental hospital to a group home in July 2002. Sistrunk sought legal counsel for his Zyprexa claims in August 2004, which shows that he was competent enough at that time to protect his legal rights. For the time period between July 2002 and August 2004, however, Sistrunk has offered no evidence about his competency other than the fact that he was released to a group home for some time.

Pursuant to Alabama's tolling statute, Sistrunk had three years after the termination of his disability to bring his suit. *See* Ala. Code 1975 § 6-2-8. Based on the various tolling agreements entered into by class counsel in this case on behalf of the Zyprexa class, Sistrunk's action, filed on May 2, 2011, would fall within this three-year limitation and is timely only if he could show that he was insane at least until November 2, 2003. Even assuming *arguendo* that Sistrunk's institutionalization satisfied Alabama's high bar for tolling on the basis of insanity, *but see Travis*, 681 So. 2d 1348 (rejecting expansive definition of insanity), he has offered no evidence showing that his insanity continued for another sixteen months after he was released to a group home (ten months before he spoke to an attorney about his case). *See Love*, 569 F. Supp. 2d at 1232 ("To avail himself of § 6-2-8(a), [plaintiff] must offer proof not only that he was 'insane' at the moment of accrual, but when his 'insanity' terminated, or, if he is still insane, that such is the fact. He has not done any of this."). Because plaintiff has not carried his burden of showing that the running of the statute of limitations should have been tolled until at least November 21, 2003, his breach of warranty claim is untimely.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3