THOMPSON, Presiding Judge.
Kristie Jones Treadwell appeals from the judgment of the Tallapoosa Circuit Court ("the trial court") disposing of her conversion and unjust-enrichment action against Tom Farrow and Wylene Farrow.
The facts in this case are not in dispute. Treadwell filed this civil action on December 15, 2016. In her verified complaint, Treadwell asserted that her two brothers, Kenneth Jones and Kevin Jones, and she were the sole heirs of their mother, Bobbie B. Jones ("Bobbie"). Bobbie had owned certain real property ("the property") in Camp Hill. The property was foreclosed upon, and, on April 9, 2010, the Farrows purchased it at the foreclosure sale.
Treadwell alleged in the complaint that "personal property, vehicles, removable buildings, business property, and nonattached dwellings" (all of which she thereafter characterized as personal property and which we will hereinafter refer to as "the personal property") belonging to her brothers and her remained on the property. She stated that the Farrows had barred her from retrieving the personal property and had converted it to their own use. Treadwell also claimed that she had a reasonable expectation of being compensated for the personal property and that the Farrows' retention of it would be unjust and inequitable. Treadwell also alleged that the Farrows had "secured [her] personal property through improper means."
The Farrows filed a motion to dismiss Treadwell's complaint on the ground that the complaint was barred by the applicable statute of limitations. In their motion, the Farrows pointed out that, pursuant to § 6-2-34, Ala. Code 1975, a conversion action must be commenced within six years. They had acquired the property by means of a foreclosure deed on April 9, 2010, and Treadwell had waited more than six years later, until December 16, 2016, to bring this action. Accordingly, the Farrows argued, Treadwell's complaint was due to be dismissed.[1]
*969 In her response to the Farrows' motion, Treadwell submitted her affidavit in which she stated that she did not vacate the property until March 2012. She said that she moved and then "rented out" the property, but she did not state for how long. She also stated that her attorney had sent a letter to the Farrows' attorney on September 28, 2015, requesting the return of the personal property contained in a list accompanying the letter. The Farrows sent a return letter dated October 9, 2015, denying her access to the property. She also pointed out in her response that "her family" had attempted to redeem the property through a civil action, which had been unsuccessful. In her affidavit, she said that an appeal in that action was not concluded until August 26, 2015.[2]
On March 1, 2017, after a hearing during which the trial court heard the arguments of the parties, the trial court entered a judgment dismissing Treadwell's action. Treadwell filed a timely motion to alter, amend, or vacate the judgment, which the trial court denied on April 26, 2017. Treadwell then filed a timely notice of appeal on May 22, 2017.
"[T]he standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading. Sims v. Lewis, 374 So.2d 298 (Ala. 1979) ; Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978) ; Wright & Miller, Federal Practice and Procedure, Civil& 1357 [sic], at 605 (1969)."
Braggs v. Jim Skinner Ford, Inc., 396 So.2d 1055, 1058 (Ala. 1981). However, in opposing the Farrows' motion to dismiss, Treadwell attached documentary evidence in the form of her affidavit, in which she said that she had been in possession of the property as late as March 2012.
"When a plaintiff presents evidence to the trial court in opposition to a defendant's motion to dismiss and the trial court does not specifically exclude that evidence, we must assume that the trial court considered that evidence in ruling on the motion, which automatically converts the motion to dismiss into a summary-judgment motion, and we must review the trial court's judgment granting that motion under the standard of review applicable to a summary judgment. See Travis v. Ziter, 681 So.2d 1348, 1351 (Ala. 1996). In Travis v. Ziter, 681 So.2d at 1351, the supreme court stated:
" 'If the court considers matters outside the pleadings in ruling on the defendant's motion to dismiss, then the motion is converted into a motion for summary judgment, regardless of how the motion was styled. Rule 12(b), Ala. R. Civ. P.; Papastefan v. B & L Constr. Co., 356 So.2d 158 (Ala. 1978). The circuit court held a hearing to consider the defendants' motions to dismiss, and the [plaintiffs] presented affidavits from Steve Travis and the clinical psychologist who had been treating him. Because there was no indication during the course of the hearing, or in the circuit court's order dismissing the plaintiff[s'] claims, that the court had excluded the affidavits, we must assume that the circuit court considered them when it ruled on the motions. Thus, we must analyze the motions to dismiss under the summary judgment standard. Rule 12(b), Ala. R. Civ. P.'
"The supreme court recited the standard of review applicable to a summary judgment in Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala. 2004) :
*970 " 'This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce "substantial evidence" as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989) ; Ala. Code 1975, § 12-21-12. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala. 1989).' "
Bearden v. Coker, 121 So.3d 359, 364-65 (Ala. Civ. App. 2012).
On appeal, Treadwell argues that, because she remained on the property until March 2012 and still exercised dominion over her personal property until that time, the six-year limitations period for conversion cannot have begun running until that date, at the earliest. She also claims that she was not actually denied access to her personal property until October 9, 2015, when the Farrows' attorney responded to her letter requesting the return of her personal property. Therefore, she states, the limitations period arguably did not begin to run until the Farrows prevented her from having access to the personal property. The Farrows, on the other hand, contend that Treadwell did not "possess" the property after the foreclosure sale, and so, they say, she was "at best" a trespasser during the time she said she "possessed" the property. Accordingly, they argue, they have not wrongfully denied her access to the personal property.
The Farrows' argument would be more persuasive if Treadwell's conversion claim was directed at the property. However, the conversion claim is based on her assertion that the Farrows have refused to allow her to retain specific items of personal property that were not subject to the foreclosure. We note that we are not called on to decide whether any certain items were fixtures or were structures that were, in fact, included as part of the foreclosure, or as to the other merits of Treadwell's claim. Instead, we review this matter only for the purpose of determining whether a summary judgment was properly entered in favor of the Farrows.
In considering whether the limitations period had expired at the time Treadwell filed her complaint, we must first consider the issue of when her cause of action accrued.
"In Garrett v. Raytheon Co., ... 368 So.2d [516] at 518-19 [ (Ala. 1979) ], this Court stated:
" 'The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action "accrues." The cause of action "accrues" as soon as the party in whose favor it arises is entitled to maintain an action thereon.
" '....
" '... [T]here are cases where the act complained of does not itself constitute *971 a legal injury at the time, but plaintiff's injury only comes as a result of, and in furtherance and subsequent development of, the act defendant has done. In such cases, the cause of action "accrues," and the statute of limitation[s] begins to run, "when, and only when, the damages are sustained." '
"(Quoting Kelley v. Shropshire, ... 199 Ala. [602] at 605, 75 So. [291] at 292 [ (1917) ].) Thus, if the act complained of does not in and of itself constitute a legal injury on the date on which it was performed, the cause of action does not accrue on that date. It is only when the first legal injury occurs that the cause of action accrues and the limitations period begins to run."
Ex parte Floyd, 796 So.2d 303, 308 (Ala. 2001).
"To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, an illegal assumption of ownership, or an illegal use or misuse of another's property. Covington v. Exxon Co. U.S.A., 551 So.2d 935, 938 (Ala. 1989). 'The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has general or special title to the property or the immediate right to possession.' Ott v. Fox, 362 So.2d 836 (Ala. 1978) (emphasis added). An action for conversion will not lie for the taking of real property, Faith, Hope & Love, Inc. v. First Alabama Bank, 496 So.2d 708, 711 (Ala. 1986), nor will it lie for the taking of personal property that has been incorporated into real property. Hatfield v. Spears, 380 So.2d 262, 265 (Ala. 1980). Kemp Motor Sales v. Lawrenz, 505 So.2d 377, 378 (Ala. 1987)."
Baxter v. SouthTrust Bank of Dothan, 584 So.2d 801, 804-05 (Ala. 1991). See also Gillis v. Benefit Trust Life Ins. Co., 601 So.2d 951, 952 (Ala. 1992) ; and Kelly v. Connecticut Mut. Life Ins. Co., 628 So.2d 454, 460 (Ala. 1993).
In this case, we have found no authority, and the parties have cited no authority, standing for the proposition that Treadwell lost dominion over her personal property that was located on the property at the time of the foreclosure. To the contrary, the evidence appears to be undisputed that Treadwell continued to exercise dominion over that personal property until March 2012, at the earliest. Therefore, at the time the complaint was filed in December 2016, the six-year limitations period would not have expired, and the conversion claim would not be barred by the statute of limitations. Accordingly, the Farrows failed to demonstrate that, as a matter of law, they were entitled to a summary judgment based on their argument that Treadwell's conversion claim was barred by the statute of limitations.
The trial court erred in entering a summary judgment in favor of the Farrows on the basis of the statute of limitations. Accordingly, the judgment is reversed and the cause is remanded for further proceedings. In reaching this holding, we make no determination as to the ultimate issues raised in Treadwell's complaint.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman and Moore, JJ., concur.
Thomas, J., concurs specially, which Donaldson, J., joins.
Kristie Jones Treadwell appeals a judgment of the Tallapoosa Circuit Court in favor of Tom Farrow and Wylene Farrow. I concur in the main opinion, which reverses the judgment, but I write specially to comment upon its citation to *972 Bearden v. Coker, 121 So.3d 359, 364 (Ala. Civ. App. 2012), for the following proposition:
"When a plaintiff presents evidence to the trial court in opposition to a defendant's motion to dismiss and the trial court does not specifically exclude that evidence, we must assume that the trial court considered that evidence in ruling on the motion, which automatically converts the motion to dismiss into a summary-judgment motion, and we must review the trial court's judgment granting that motion under the standard of review applicable to a summary judgment."
I note simply that the potency of that proposition appears to have been diminished in light of our supreme court's decision in Ex parte Price, 244 So.3d 949, 954-55 (Ala. 2017), in which the majority stated:
"It is true that this Court also has stated that, 'unless the trial court expressly declines to consider the extraneous material, its conclusions may be construed to include the extraneous material.' Phillips v. AmSouth Bank, 833 So.2d 29, 31 (Ala. 2002) (emphasis on 'may' added). The Phillips Court did not state, however, that this Court must presume that a trial court considered extraneous materials submitted with a motion, thereby putting the trial court in error. ... Whether additional materials attached to a Rule 12(b)(6) [, Ala. R. Civ. P.,] motion will be considered is within the trial court's discretion."
Although I find persuasive the points raised by Justices Shaw and Bryan in their dissents from the majority's conclusion on this issue in Price,see id. at 960-62 and 962-64 (Shaw, J., dissenting and Bryan, J., dissenting), I conclude that this appeal presents no cause for such debate.
At the circuit court's February 28, 2017, hearing regarding the Farrows' motion to dismiss, the circuit-court judge clearly considered all arguments and materials presented by the parties, including what effect Treadwell's affidavit should have upon the outcome of her action, even remarking "I want to chew this cabbage again" after hearing the argument regarding the substance of Treadwell's affidavit. Thus, there is no question that the averments set forth in Treadwell's affidavit were considered by the circuit court in granting the Farrows' motion to dismiss. I therefore agree with the main opinion's decision to view the circuit court's judgment as a summary judgment, and I concur in the decision to reverse the judgment and to remand the cause for the reasons stated therein.
Donaldson, J., concurs.

On appeal, the parties have not addressed Treadwell's unjust-enrichment claim, the statute of limitations applicable to that claim, or the propriety of the judgment as to that claim.

This court affirmed the judgment in that case, without issuing a written opinion. See Jones v. Farrow, 217 So.3d 841 (Ala. Civ. App. 2015).