622 So.2d 918 (1993)
Yolanda D. MIXON
v.
Drs. CASON, et al.
1920335.
Supreme Court of Alabama.
June 18, 1993.
*919 Joan B. Singleton, Bessemer, for appellant.
Robert D. Norman, Jr. of Norman, Fitzpatrick, Wood, Parker & Kendrick, Birmingham, for appellees.
HOUSTON, Justice.
In this medical malpractice action, the trial court either dismissed or entered summary judgments for all 10 defendants. These dismissals and summary judgments were made final pursuant to Rule 54(b), Ala.R.Civ.P. The plaintiff, Yolanda D. Mixon, appeals. We dismiss the appeal in part; affirm in part; reverse in part; and remand.
The complaint originally charged some of the defendants with gross negligence and breach of contract for administering contaminated blood to the plaintiff in August 1989, when she underwent gall bladder surgery; she alleged that the blood caused her to become HIV positive. Later, the gravamen of the complaint was enlarged, to allege, in the alternative, that the plaintiff was HIV positive in May 1989, and that at that time the defendants knew, or should have known that fact, and that the defendants did not inform the plaintiff of her condition until November 1989.
*920 The defendant Genevieve Schechter, M.D., moved to dismiss this appeal as to her. On October 8, 1992, a summary judgment was entered and made final as to Dr. Schechter. No appeal was taken from that judgment. Because no appeal was taken, we have nothing to dismiss as to Dr. Schechter, but we note that in fact the appeal now before us does not involve her. Then there were nine.
On July 21, 1992, two of the defendants, Mark C. Phillips, M.D., and Gary Russell, M.D., were given summary judgments; those summary judgments were made final pursuant to Rule 54(b), Ala.R.Civ.P. No appeal was taken from those judgments within the 42 days allowed for appeal by Rule 4, Ala.R.App.P. The appeal now before us was taken on November 17, 1992, beyond the time allowed for an appeal as to Dr. Phillips and Dr. Russell. Drs. Phillips and Russell were named as parties to this appeal, but they are not properly before this Court. Insofar as the appeal before us relates to these two defendants, it is dismissed. Then there were seven.
The defendant, Michael Salvia, M.D.,[1] was added as a defendant on February 19, 1992. He was not substituted for a fictitiously named defendant pursuant to Rule 9(h), Ala.R.Civ.P.; Dr. Salvia was simply added as a defendant. The only evidence before the trial court when it entered a summary judgment for Dr. Salvia was that Dr. Salvia had treated the plaintiff from May 18, 1989, to May 23, 1989, while the plaintiff was a patient at Cooper Green Hospital. Dr. Salvia's name appears on the plaintiff's chart and the plaintiff easily could have ascertained his name before filing this action on August 9, 1990. The plaintiff's claim against Dr. Salvia was time-barred; and the trial court properly entered a summary judgment for Dr. Salvia. Then there were six.
The plaintiff did not name Neal Miller, M.D., as a defendant until June 8, 1992. Dr. Miller was not substituted for a fictitiously named defendant pursuant to Rule 9(h), Ala.R.Civ.P., but was merely added as a defendant. Dr. Miller was the director of the laboratory at Cooper Green Hospital, and he was sued in regard to events that occurred from May 1989 to August 1989. By due diligence, the plaintiff could have ascertained at any time the name of the director of the laboratory. The plaintiff did not plead with the specificity required by Rule 9(b), Ala.R.Civ.P., to allege a cause of action for fraudulent concealment under Ala.Code 1975, § 6-2-3, against Dr. Miller so as to extend the statute of limitations. Therefore, the claim against Dr. Miller was time-barred, and the trial court properly dismissed him. Then there were five.
The uncontradicted evidence is that the defendant Adam Robertson, M.D., never rendered any care or treatment to the plaintiff, was never in a physician-patient relationship with the plaintiff, and never prescribed or undertook any course of treatment for the plaintiff. Dr. Robertson's name was placed on emergency room charts for all patients who were presented to Cooper Green Hospital's emergency room, who did not have a personal physician. The trial court properly entered a summary judgment for Dr. Robertson. Then there were four.
The uncontradicted evidence is that William P. Cason, M.D., has a specialty in radiology, that his only involvement with the plaintiff as a physician was through the interpretation of X-ray films, which were taken at Cooper Green Hospital. The "Clinical Diagnosis, Indication for Examination" was "sickle cell crisis." The interpretation was as follows: "CHEST 23 May 88: Normal. LEFT CLAVICLE: Normal." The plaintiff had been treated for sickle cell anemia for years preceding her presentment to Cooper Green Hospital in May 1989. There is uncontradicted evidence that Dr. Cason knew the standard of care, skill, and diligence to be exercised by radiologists in interpreting X-ray films and that in interpreting the films of the plaintiff, Dr. Cason exercised that standard of care. The court properly entered a summary *921 judgment for Dr. Cason. Then there were threeJefferson Clinic, P.C.; Carol Leitner, M.D.; and Philip Johnson, M.D.
Dr. Leitner's motion for summary judgment is supported by her affidavit; Dr. Johnson's motion for summary judgment is supported by his affidavit; and Jefferson Clinic's motion for summary judgment is supported by the affidavits of Drs. Leitner, Johnson, Robertson, and Cason. These affidavits establish that the plaintiff tested positive for the HIV virus in May 1989, before any of these defendants had provided any medical services to the plaintiff, and they refute the allegations of the plaintiff's original complaint that gross negligence or a breach of contract on the part of these defendants during the plaintiff's August 1989 gall bladder surgery caused the plaintiff to become HIV positive. This was not refuted by any evidence presented by the plaintiff. Therefore, the trial court properly entered a summary judgment for Drs. Leitner and Johnson and Jefferson Clinic on the plaintiff's claims that these defendants administered to the plaintiff contaminated blood that resulted in the plaintiff's becoming HIV positive. The trial court's judgment is affirmed as to those claims against Drs. Leitner and Johnson and Jefferson Clinic.
The affidavits of Drs. Leitner, Johnson, Robertson, and Cason do not address the alternative theory presented in the plaintiff's amended complaintfailure to warn the plaintiff that she was HIV positive, which the plaintiff says was known, or should have been known, by Drs. Leitner and Johnson and Jefferson Clinic.
In a medical malpractice case, as in other cases, on a motion for summary judgment by a health care provider, the burden is on the movant (the health care provider) to make a prima facie showing, by substantial evidence, that no genuine issue of material fact exists as to whether the health care provider's alleged breach of the applicable standard of care proximately caused the injury for which damages are sought. Until this is done, the burden does not shift to the nonmovant plaintiff to present substantial evidence, through expert testimony from a similarly situated health care provider that the defendant health care provider's conduct breached the standard of care and was the proximate cause of the patient's injury or death. Brooks v. Goldhammer, 608 So.2d 394 (Ala. 1992); Ala.Code 1975, § 6-5-542(2); § 6-5-548; and § 6-5-549. See Willard v. Perry, 611 So.2d 358 (Ala.1992). Because Drs. Leitner and Johnson and Jefferson Clinic did not make the required prima facie showing against the plaintiff's claim of failure to warn the plaintiff that she was HIV positive, we do not look to the plaintiff's evidence. (That evidence consisted of (1) the deposition of David Scheck, M.D., which may not be evidence in this action, for it apparently was taken in the action filed by this plaintiff against the American National Red Cross and others in the United States District Court for the Northern District of Alabama, Southern Division; and (2) an affidavit of Pearson Clack, M.D.). If the burden of proof does shift to the plaintiff on subsequent motions for summary judgment, or if this case goes to trial, then the plaintiff must present evidence that substantially complies with § 6-5-548.
APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; AND CAUSE REMANDED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
ALMON, J., concurs in the result.
MADDOX and STEAGALL, JJ., concur in part and dissent in part.
MADDOX, Justice (concurring in part; dissenting in part).
I concur in that portion of the opinion affirming the judgments of the trial court, but I respectfully disagree with that portion reversing the judgments entered in favor of the defendants Jefferson Clinic, P.C., Carol Leitner, M.D., and Philip Johnson, M.D. Upon consideration of the materials and the arguments, I am convinced that the trial judge correctly entered the *922 summary judgments in favor of these defendants.
STEAGALL, J., concurs.
NOTES
[1] The plaintiff's filings spelled this doctor's name "Salmia."