ROBERTSON, Presiding Judge.
Dean Thomas appeals from a summary judgment entered in favor of Rajappa Ekam-baram, M.D., on her claim of medical negligence. We reverse and remand.
Thomas filed her complaint in September 1994, alleging that Dr. Ekambaram had breached the standard of care in “treat[ing her] for a sprain to [her] left wrist when she had presented for treatment of cat bites to her left hand” and in “fail[ing] to administer appropriate antibiotic therapy.” She also alleged that Dr. Ekambaram’s alleged negligence had caused her to develop osteomyeli-tis, cellulitis, and other medical conditions. Dr. Ekambaram filed an answer denying Thomas’s allegations.
Several months before the scheduled trial date, Thomas retained an expert witness, Dr. Gregory Walter, to review the medical care administered to Thomas by Dr. Ekambaram. After he had deposed Dr. Walter, Dr. Ekam-baram filed a motion for a summary judgment under Rule 56, Ala.R.Civ.P., contending that Thomas had failed to adduce substantial evidence that Dr. Ekambaram’s alleged negligence had proximately caused her medical conditions. Dr. Ekambaram’s motion was supported by a narrative summary of contended undisputed facts and excerpts from Dr. Walter’s deposition transcript. The trial court subsequently set the motion for a hearing.
In response to Dr. Ekambaram’s motion, Thomas filed an affidavit executed by Dr. Walter. This affidavit provided, in pertinent part, as follows: ' " -
“I have examined the emergency room records ... relating to Dean Thomas and her treatment and examination by Dr. Ekam-baram on October 2, 1992. Based upon this information, it is my professional opinion that Dr. Ekambaram, in the examination and treatment of Ms. Thomas, failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case.
“It is further my professional opinion that Dr. Ekambaram’s failure to meet this *1247 standard of care, probably caused her condition and that said breach of the standard of care adversely affected her condition.”
Dr. Ekambaram moved to strike this affidavit, asserting that it was insufficient to create a genuine issue of material fact when viewed in conjunction with his deposition testimony. The trial court granted Dr. Ekambaram’s motion for summary judgment without ruling on the motion to strike, stating that in its opinion, Dr. Walter “did not provide the required expert testimony sufficient to submit the issue of causation” to the trier of fact, and that Thomas had “failed to present substantial evidence that [Dr. Ekambaram] probably caused [Thomas’s] injury or that earlier antibiotic treatment would have affected the outcome in this case.”
Thomas appealed to the Alabama Supreme Court. That court transferred this appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The record reveals that Thomas entered the emergency room at Humana Hospital Florence at 2:24 PM on October 2,1992, with a swollen left wrist. At 9:00 PM on the night before her emergency room visit, according to hospital records, Thomas had hit her left wrist while trying to grasp a running cat and she had also suffered cat bites to her skin in the process. Dr. Ekambaram diagnosed Thomas’s condition as a sprained wrist. After X-rays disclosed no fractures, he prescribed acetaminophen and an elastic bandage. Dr. Ekambaram also ordered that the area of the bites be cleaned and that Thomas be administered a tetanus toxoid injection. Thomas was subsequently discharged, with instructions either to return to the emergency room or to contact her doctor if she noticed any worsening of her symptoms. It is undisputed that during her October 2, 1992, emergency room visit, Thomas was administered no antibiotic agents.
Thomas continued to experience problems with her left hand and left wrist. On October 4, 1992, she was again treated at Huma-na’s emergency room by a different physician, who noted that her hand and wrist were swollen, red, and tender to the touch. In addition, puncture wounds were noted on Thomas’s hand. Thomas was diagnosed with cellulitis and was treated with intravenous antibiotics and directed to return the next day. When Thomas again reported to Hu-mana’s emergency room, she reported pain in her left hand that radiated into her arm; she was admitted as an inpatient for approximately six days, receiving intravenous antibiotic treatment for a second time. After her discharge from Humana and after her prescribed supply of oral antibiotics had been depleted, Thomas again experienced pain in her wrist, which ultimately necessitated her readmission to Humana in early November 1992. On this occasion, Thomas was taken to the operating room, where her wrist was incised and drained and where she underwent a tenonectomy and an wrist arthroto-my.
Rule 56, Ala.R.Civ.P., sets forth. a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled'to a judgment as a matter of law. As our supreme court noted in Mixon v. Cason, 622 So.2d 918 (Ala.1993):
“In a medical malpractice case, as in other cases, on a motion for summary judgment by a health care provider, the burden is on the movant (the health care provider) to make a prima facie showing, by substantial evidence, that no genuine issue of material fact exists as to whether the health care provider’s alleged breach of the applicable standard of care proximately caused the injury for which damages are sought. Until this is done, the burden does not shift to the nonmovant plaintiff to present substantial evidence, through expert testimony from a similarly situated health care provider that the defendant health care provider’s conduct breached the standard of care and was the proximate cause of the patient’s injury or death.”
622 So.2d at 921 (emphasis added).
Additionally, in a medical malpractice case such as this one, Rule 56 must be read in conjunction with the “substantial evidence” rule found in the Alabama Medical Liability *1248 Act of 1987, Ala.Code 1975, § 6-5-540 et seq. Hawkins v. Carroll, 676 So.2d 338, 340 (Ala.Civ.App.1996). In order to defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.” Hawkins, 676 So.2d at 340 (quoting Ala.Code 1975, § 6-5-542(5)). Finally, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993).
Thus, it was Dr. Ekambaram’s burden initially “to make a prima facie showing, by substantial evidence, that no genuine issue of material fact exists” as to whether his alleged breach of the applicable standard of care “proximately caused the injury for which damages are sought.” On appeal, Dr. Ekambaram contends that Thomas failed to present substantial evidence- of causation. Dr. Ekambaram argues that Dr. Walter’s affidavit, considered in light of his deposition testimony, does not create a genuine issue of material fact concerning proximate causation.
In .support of his motion for summary judgment, Dr. Ekambaram submitted excerpts[1] from Dr. Walter’s deposition transcript wherein Dr. Walter testified that (1) some patients will develop an infection or other significant problems following a cat bite wound despite antibiotic therapy and other appropriate treatment; (2) he could not say whether the antibiotic Rocephin, which he believes should have been administered, would have “covered” (i.e., treated) Thomas’s infection; and (3) he could not say whether Thomas would have developed an escalating infection without antibiotic therapy. However, although Dr. Walter admitted that he could not quantify the precise increase in likelihood of a favorable outcome without resorting to speculation, he testified that antibiotic therapy would have increased the likelihood of a favorable outcome. Dr. Walter’s testimony is consistent with the opinion he expressed in his affidavit that Dr. Ekambar-am’s alleged failure to meet the standard of care “probably caused her condition and ... adversely affected her condition.” This is all that is required: “It is not necessary to establish that prompt care could have prevented the injury or death of the patient; rather, the plaintiff must produce evidence to show that [her] condition was adversely af.fected by the alleged negligence.” Travis v. Scott, 667 So.2d 674, 678 (Ala.1995) (quoting Parker v. Collins, 605 So.2d 824, 827 (Ala.1992)).
Viewing the evidence presented below in a light most favorable to Thomas as the non-movant (see Long, 623 So.2d at 1132), we conclude that Thomas has demonstrated by substantial evidence that Dr. Ekambaram’s alleged breaches of the standard of care adversely affected her condition, and that a genuine issue of material fact exists concerning proximate causation. Thus, the trial court erred in granting Dr. Ekambaram’s motion for a summary judgment. The summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. These excerpts, rather than the entire transcript of Dr. Walter’s deposition (which was not before the trial court when it ruled on Dr. Ekam-baram’s summary judgment motion), are the materials to which we must look in determining whether the judgment was correctly entered. See Cowen v. M.S. Enterprises, 642 So.2d 453, 455 (Ala.1994).