## (December 4, 1979)

■ Joseph Stadtman et al., Respondents, v Edgar Cambere et al., Appellants. Joseph Stadtman et al., Appellants, v Edgar Cambere et al., Respondents.—Order and judgment, Supreme Court, New York County, entered respectively March 13, 1979 and March 30, 1979, dismissing the first, second, fourth and fifth causes of action in the complaint, and denying defendants' motion to dismiss the third cause of action, are unanimously modified, on the law, to the extent of granting defendants' motion to dismiss the third cause of action on the ground of Statute of Limitations, and judgment is directed to dismiss the complaint *in toto,* and the order and judgment are otherwise affirmed, without costs. The complaint alleges that on or about July 9, 1973, plaintiff Joseph Stadtman surrendered to defendant Cambere a valuable diamond ring belonging to his wife, the coplaintiff, for the purpose of determining the diamond's market value; that Cambere replaced the diamond with another diamond of inferior quality and gave that to plaintiff Joseph Stadtman. Plaintiffs were not fooled, they knew immediately that there had been a substitution. The present action was not begun until September 7, 1978. As to defendant Trifari, Krussman & Fishell, Inc. (Trifari), there is no allegation that Cambere's actions were within the scope of his employment by Trifari, nor any facts from which such an inference may fairly be drawn. It follows that, whatever plaintiffs' claim against Cambere, there is no valid claim against Trifari. Plaintiffs allege threats by Cambere of physical violence to plaintiff Joseph Stadtman and of termination of his employment by Trifari and of suit by Cambere against plaintiff Joseph Stadtman for defamation, if plaintiff Joseph Stadtman pressed his claim against Cambere. In our view, these allegations are insufficient to estop defendant Cambere from urging the defense of Statute of Limitations, quite apart from whether plaintiffs acted with due diligence after the facts allegedly giving rise to the estoppel ceased to be operational. (Cf. *Simcuski v Saeli,* 44 NY2d 442, 450.) Thus, Special Term correctly held that the first and second causes of action for replevin and conversion and the fifth cause of action for physical, mental and emotional injury and distress are barred by the three-year Statute of Limitations. (CPLR 214, subds 3, 4, 5.) We also agree that the fourth cause of action for punitive damages is insufficient. The third cause of action, on its face, seems to state a cause of action for fraud in that at the time that plaintiff delivered the diamond Cambere stated that the diamond would be returned, and in fact he never intended to return it. Actions for fraud are governed by

a six-year Statute of Limitations. (CPLR 213, subd 8.) However, we think that for purposes of Statute of Limitations this action must be considered as one for conversion and governed by the three-year Statute of Limitations. In *Brick v Cohn-Hall-Marx Co.* (276 NY 259, 264) the Court of Appeals said: "The only purpose which serves the plaintiffs in pleading the fraud is to avoid the Statute of Limitations; that is to say, the plaintiffs, within the six years, would have had the same right to recover with or without the allegations of the fraud. The fraud element is added merely to take the case without the six-year statute. This does not change the nature of the action, however, in our judgment, from an action upon contract to an action upon fraud within the meaning and purpose of this Statute of Limitations (§ 48). To say that the complaint is framed in fraud and not upon contract may be true in theory, but in applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name. Whatever we may call this action, it is, so far as the Statute of Limitations is concerned, an action upon the contract and within the six-year statute." If we substitute the word "conversion" for the word "contract" (and the periods of the present Statute of Limitations for those referred to), this language is exactly applicable to the present case. Plaintiff Joseph Stadtman claims he gave Cambere a diamond ring which Cambere misappropriated. Plaintiffs would have had the same right to recover with or without the allegations of the fraud. The fraud element is added merely to take the case without the Statute of Limitations. To say that this cause of action is framed in fraud and not upon conversion may be true in theory, but so far as the Statute of Limitations is concerned, we think the reality and essence of the action is for failure to return the diamond, i.e., an action for conversion. Concur—Murphy, P. J., Birns, Fein, Bloom and Silverman, JJ.