■ WENDY Y. HOFFMAN, Appellant, v STEPHEN L. HOFFMAN et al., Respondents.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered on or about November 30, 1988, which granted defendants' motion to dismiss the complaint as time barred, unanimously affirmed, without costs.

The complaint, generally, alleges various acts of rape and incest committed by the defendants during plaintiff's infancy, and shortly thereafter. Since the plaintiff reached her majority in 1961, and since she is now over 40 years of age, the alleged conduct of the defendants is not actionable unless the defendants are estopped from raising the Statute of Limitations as a defense. As a matter of law, plaintiff has failed to allege sufficient facts, as was her burden, to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel had ceased to be operational. *(Simcuski v Saeli,* 44 NY2d 442, 450.) It is insufficient for the plaintiff to argue that the gravity of the alleged tortious conduct of the defendants, in and of itself, gives rise to an estoppel. Nor has plaintiff demonstrated any fraud, misrepresentation, threat, or deception which caused her to refrain from filing a timely action. *(Supra,* at 449.) We note, addition-

ally, that plaintiff's allegations of posttraumatic neurosis are insufficient to invoke any toll under the "insanity" provisions of CPLR 208. *(See, McCarthy v Volkswagen of Am.,* 55 NY2d 543.)* Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.