■ RITA CATLIN et al., Respondents-Appellants, v BARRY MANILOW et al., Appellants-Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on June 1, 1990, which, *inter alia,* granted defendants' motion for summary judgment to the extent of dismissing plaintiffs' first and fourth causes of action, unanimously modified, on the law, to the extent of reinstating plaintiffs' first cause of action, and otherwise affirmed, with costs.

Plaintiffs allege that they submitted to Barry Manilow's manager a script for a TV or movie production based on Barry Manilow's musical composition, "Copacabana", for which defendants promised to pay reasonable compensation, but that defendants produced a television movie entitled "Copacabana" without compensating plaintiffs.

The complaint contains causes of action for breach of express contract (first cause of action), breach of contract implied in fact (second cause of action), breach of a contract implied in law (third cause of action), and conversion (fourth cause of action). On defendants' motion for summary judgment, the court dismissed the first and fourth causes of action for failure to state a claim and as time-barred, respectively.

Defendants appeal from the court's refusal to dismiss plaintiffs' third cause of action. We agree with the IAS court that the third cause of action stated a valid claim in quasi or implied contract, which is governed by a six-year Statute of Limitations (CPLR 213 [2]), rather than the four-year Statute of Limitations (UCC 2-725 [1]), which defendants urge is applicable.

Plaintiffs appeal from the court's dismissal of their first and fourth causes of action. Relying on *Martin Delicatessen v Schumacher* (52 NY2d 105), the court dismissed plaintiffs' first cause of action for breach of an express contract on the ground that there was merely an unenforceable agreement to agree in which a material term, the price, was left open to future negotiation. Plaintiffs' complaint alleges that defendants promised to pay plaintiffs reasonable compensation for the use of their scripts. We do not construe this as an "agreement to agree," with the price term too indefinite to be enforced. In construing the parties' intentions, this Court infers that the parties agreed to a price, which would be the fair market value of plaintiffs' script when defendants used it *(Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d

475, *rearg denied* 75 NY2d 863, *cert denied* — US —, 112 L Ed 2d 33).

Lastly, although plaintiffs allege that their fourth cause of action is not time-barred under CPLR 214 since it alleges continuous trespasses rather than a single conversion, the language used in the complaint clearly demonstrates the plaintiffs intended to plead a cause of action for conversion *(Sporn v MCA Records,* 58 NY2d 482). Accordingly, the court properly dismissed the fourth cause of action as time-barred under CPLR 214. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.