■ SARA DAVIS, Appellant, v BRADFORD REED et al., Respondents. [596 NYS2d 4] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 27, 1992, which, *inter alia,* denied plaintiff's motion to dismiss defendant Bard College's affirmative defenses interposing the statute of limitations as against the causes of action for violation of the Dram Shop Act and negligence, and order of the same court and Justice, entered on or about February 13, 1992, which granted defendant Botstein's motion for a change of venue to Dutchess County, unanimously affirmed, without costs.

The claim that plaintiff was unable to remember the August 1988 incident underlying the action until late in 1990 implicitly concedes defendant College's point that an issue of fact exists as to the date on which plaintiff's causes of action against the College accrued. The conclusory assertion of repressed memory due to "posttraumatic neurosis" is insufficient to invoke the tolling provisions of CPLR 208 *(Hoffman v Hoffman,* 162 AD2d 249, 250, citing *McCarthy v Volkswagen of Am.,* 55 NY2d 543). Nor do plaintiff's conclusory assertions that defendant Reed resided in New York County when the action was commenced warrant retention of venue in that county *(see, Morale v La Grange Inn,* 160 AD2d 783, 784).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Rubin, JJ.