■ CHRISTINE M. DOE, Appellant, v DAVID B. ROE, Respondent. (Appeal No. 1.) [596 NYS2d 620] —Order unanimously affirmed without costs. Memorandum: In her second amended complaint, plaintiff alleges that she was sexually abused by defendant from 1980, when she was 12 years old, to December 1986, three months after her eighteenth birthday, and again on April 10 and May 30, 1990. The action was commenced by

delivery of a summons and complaint to the Erie County Sheriff on May 29, 1991. On defendant's motion, Supreme Court concluded that the gravamen of plaintiff's complaint was intentional tort and that, except for claims relating to the alleged incident on May 30, 1990, her action was time-barred.

There is no merit to plaintiff's contention that she has an independent cause of action for fraud. A plaintiff cannot avoid a shorter limitations period merely by casting her complaint in a form that would extend that period *(see, Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264; *Stadtman v Cambere,* 73 AD2d 501, 502). "Where the allegations of fraud are only incidental to another cause of action, the fraud Statute of Limitations cannot be invoked [citation omitted]" *(New York Seven-Up Bottling Co. v Dow Chem. Co.,* 96 AD2d 1051, 1053, *affd for reasons stated at App Div* 61 NY2d 828; *see also, Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 674-675). Plaintiff's injury was caused by alleged sexual abuse, an intentional tort. Defendant's alleged fraudulent conduct may have facilitated access to plaintiff and may have managed to keep the alleged sexual abuse secret, but it did not directly give rise to the injuries for which plaintiff seeks recovery.

The Statute of Limitations for an intentional tort is one year (CPLR 215 [3]). The limitations period expired with respect to any sexual abuse from September 4, 1986, plaintiff's eighteenth birthday, through December 1986. With respect to any sexual abuse from 1980 to September 4, 1986, the limitations period was tolled during plaintiff's infancy, but expired on September 4, 1987, one year after her eighteenth birthday *(see,* CPLR 208). Plaintiff contends that defendant should be equitably estopped from asserting the Statute of Limitations defense because it was his conduct that induced her to refrain from taking earlier action *(see,* General Obligations Law § 17-103 [4] [b]; *Simcuski v Saeli,* 44 NY2d 442). We conclude, however, that plaintiff may not avail herself of equitable estoppel because she failed to establish that defendant's conduct caused her to forego commencing a timely action, or that she was justified in relying on his conduct or misrepresentations *(see generally, Simcuski v Saeli, supra,* at 449; *Rains v Metropolitan Transp. Auth.,* 120 AD2d 509; *Anonymous v Anonymous,* 154 Misc 2d 46, 56). Moreover, plaintiff has failed to establish that her action was brought within a reasonable time after December 1986, when she was no longer subject to defendant's influence and the facts giving rise to an estoppel

had ceased to be operational *(see, Hoffman v Hoffman,* 162 AD2d 249; *see also, Simcuski v Saeli, supra,* at 450). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Dismiss Causes of Action.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.