■ Zoe G., Appellant, v Frederick F. G., Respondent. [617 NYS2d 370] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated December 1, 1992, which granted the defendant's cross motion to dismiss the complaint as time-barred and denied as academic her motion to vacate the defendant's demand for a bill of particulars, to strike a portion of his deposition notice, and to impose sanctions.

Ordered that the order is affirmed, with costs.

In this action, the plaintiff seeks to recover for emotional and psychological injuries allegedly sustained as a result of the sexual, physical, and emotional abuse inflicted upon her by the defendant, her father, from about 1963 to 1977, when she was 15-years-old. She did not commence this action until October 1991, but contends that her claims are not time-barred because the Statute of Limitations was tolled by duress. She also claims that the defendant should be equitably estopped from asserting the Statute of Limitations as a defense because of his threats and other misconduct.

When duress is part of the causes of action alleged, the Statute of Limitations is tolled until the duress terminates as such conduct is considered a continuous wrong *(see, Baratta v Kozlowski,* 94 AD2d 454; *Pacchiana v Pacchiana,* 94 AD2d 721). While the duress alleged by the plaintiff is related to her claims, she has failed to specify any acts by the defendant occurring subsequent to 1977 or subsequent to the time when she reached her majority which would constitute duress. Assuming the plaintiff's allegations to be true and viewing the evidence in a light most favorable to her, she has not met her burden of demonstrating continuing duress such as would toll the limitations period.

A defendant may be estopped from asserting the Statute of Limitations as a defense where he or she has wrongfully induced the plaintiff to refrain from timely commencing an action by deception, concealment, threats or other misconduct *(see, Simcuski v Saeli,* 44 NY2d 442; *Doe v Roe,* 192 AD2d 1089; *Hoffman v Hoffman,* 162 AD2d 249). The application of the doctrine of equitable estoppel is triggered by some conduct on the part of the defendant after the initial wrongdoing;

mere silence or failure to disclose the wrongdoing is insufficient *(see, Smith v Smith,* 830 F2d 11; *Simcuski v Saeli, supra).* Again, the plaintiff has failed to set forth any acts committed by the defendant after the alleged abuse ended which induced her to refrain from proceeding in a timely manner. Consequently, the Supreme Court properly dismissed her complaint as a matter of law *(see, Smith v Smith, supra; Doe v Roe, supra; Hoffman v Hoffman, supra).* Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.