■ SUSAN STEO, Appellant, v VITO CUCUZZA et al., Respondents. [624 NYS2d 203] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County

(Leone, J.), dated June 17, 1993, which granted the defendants' motion to dismiss the complaint as time-barred.

Ordered that the order and judgment is affirmed, with costs.

In this action, the plaintiff seeks to recover damages, *inter alia*, for physical, emotional, and psychological injuries allegedly sustained as a result of the sexual, physical, and emotional abuse inflicted upon her by the defendant Vito Cucuzza, her stepfather, during the period from 1974 to 1981. Although the last act of abuse allegedly occurred in May 1981, the plaintiff did not commence this action until eleven years later in June 1992.

In opposition to the defendants' motion to dismiss the complaint as time barred, the plaintiff contended, *inter alia*, that the Statute of Limitations was tolled for a number of years due to the trauma of the abuse which caused her to repress the memories of the abuse and which caused her to suffer from a variety of psychological and emotional disorders. The plaintiff also contended that the Statute of Limitations was tolled by duress and by other acts of misrepresentation and misconduct of the defendants. The Supreme Court rejected her contentions, found that the applicable limitations periods had expired and dismissed the complaint. We affirm.

As the Supreme Court correctly noted, all of the plaintiff's causes of action accrued, at the latest, in 1981 when she moved out of the defendants' house and the alleged abuse stopped. Thus, when the appropriate Statute of Limitations, either one year for intentional torts (*see*, CPLR 215 [3]) or three years for negligent torts (*see*, CPLR 214 [5]) is applied to each cause of action, it is clear that the plaintiff's claims were time-barred as of 1984 unless the plaintiff could establish that the limitations period had been tolled or that the defendants should be estopped from asserting the Statute of Limitations as a defense.

Contrary to the plaintiff's contentions, her alleged psychological and emotional problems did not fall within the scope of CPLR 208 which tolls the applicable Statute of Limitations where, *inter alia*, a person "is under a disability of * * * insanity at the time the cause of action accrues". Although the term "insanity" is not defined by the statute, the Court of Appeals has held that "the Legislature meant to extend the toll for insanity to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" and that the statute is to be "narrowly interpreted" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543,

548; *also, Matter of Cerami v City of Rochester School Dist.,* 82 NY2d 809, 812; *Yannon v RCA Corp.,* 131 AD2d 843, 845).

Here, the record shows that the plaintiff was a productive member of the workforce and was a successful wife and mother and fails to support the plaintiff's assertion that she suffered from an "overall inability to function in society" *(see, Davis v Reed,* 191 AD2d 348; *Hoffman v Hoffman,* 162 AD2d 249; *Smith v Smith,* 830 F2d 11; *compare, Cairl v County of Westchester,* 150 AD2d 749). Moreover, under the express language of CPLR 208, any tolling by virtue of insanity may not be extended "beyond ten years after the cause of action accrues". Since the ten-year period would have expired in 1991, the complaint filed in 1992 would have been time-barred in any event *(see, Schmertz v Friedlander,* 36 AD2d 606).

Furthermore, while it is true that duress under some circumstances may serve as a basis to toll the Statute of Limitations *(see, Baratta v Kozlowski,* 94 AD2d 454), the plaintiff failed to establish that any purported duress continued past 1981 when she left the defendants' house. Thus, the plaintiff failed to meet her burden of demonstrating a continuing duress sufficient to toll the Statute of Limitations *(see, Zoe G. v Frederick F. G.,* 208 AD2d 675; *Bassile v Covenant House,* 191 AD2d 188; *Stadtman v Cambere,* 73 AD2d 501).

We have examined the plaintiff's remaining contentions and they are without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.