■ SHARON B., Appellant, v REVEREND S. et al., Respondents. [665 NYS2d 139] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance

with the following Memorandum: Supreme Court properly granted the motion of Reverend S. to dismiss the complaint because it was time-barred. The gravamen of the complaint against Reverend S. is that he sexually abused plaintiff during the course of a pastoral counseling relationship that ended in 1990. Regardless of how it is pleaded, sexual abuse is an intentional tort subject to a one-year Statute of Limitations (*see, Joshua S. v Casey,* 206 AD2d 839; *Doe v Roe,* 192 AD2d 1089, 1090; *Mazzaferro v Albany Motel Enters.,* 127 AD2d 374, 376; *see also,* CPLR 215 [3]), and plaintiff's commencement of this action against Reverend S. in November 1993 was untimely. Plaintiff failed to establish that the Statute of Limitations was tolled by reason of insanity (*see,* CPLR 208; *McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548-549) or that she was "wrongfully induced * * * to refrain from timely commencing an action by deception, concealment, threats or other misconduct" and thus that defendants should be equitably estopped from asserting the Statute of Limitations as a defense (*Zoe G. v Frederick F. G.,* 208 AD2d 675). Further, we reject the contentions that the doctrine of duress (*see, Overall v Klotz,* 52 F3d 398, 404-405; *see also, Steo v Cucuzza,* 213 AD2d 624, 626; *Zoe G. v Frederick F. G., supra*) and the "delayed discovery" rule (*see, Bassile v Covenant House,* 191 AD2d 188, *lv denied* 82 NY2d 656) have any application to this case.

The court erred, however, in dismissing the complaint against the Diocese of Buffalo, New York (Diocese), the Bishop of the Diocese and President of the Diocesan Corporation (Bishop), the Chancellor and Vicar General of the Diocese and Secretary of the Diocesan Corporation (Vicar General), and the Parish. The complaint states a cause of action against those defendants for negligent retention or supervision of Reverend S. (*see, Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, 164-165, *cert denied* — US —, 118 S Ct 413; *Doe v Hartz,* 970 F Supp 1375, 1427-1432; *Moses v Diocese of Colorado,* 863 P2d 310, 323-329, *cert denied* 511 US 1137; *Destefano v Grabrian,* 763 P2d 275, 286-288 [Colo]; *Does 1—9 v Compcare, Inc.,* 52 Wash App 688, 694-695, 763 P2d 1237, 1241-1242). Further, plaintiff should have the opportunity to conduct discovery concerning the knowledge of the Diocese and Parish, and their officers and administrators, regarding prior conduct of Reverend S. (*see,* CPLR 3211 [d]).

The three-year Statute of Limitations applies to a cause of action for negligent retention or supervision (*see,* CPLR 214 [5]), and defendants failed to establish that the action was commenced more than three years after the last act of alleged

sexual abuse. We have examined plaintiff's remaining contentions and conclude that they are without merit. Thus, we modify the order and judgment by denying the motion of the Diocese, Parish, Bishop and Vicar General for dismissal of the complaint, and we reinstate the complaint against those defendants. (Appeal from Order and Judgment of Supreme Court, Erie County, Notaro, J.—Dismiss Complaint.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.