■ DANUTA KARCZEWSKI, Respondent, v STEVEN J. SHARPE, Appellant, et al., Defendant. [670 NYS2d 318] —In an action to recover damages, *inter alia,* for assault and battery, the defendant Steven J. Sharpe appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 16, 1997, as denied that branch of his motion which was to dismiss the complaint insofar as asserted against him as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the appellant's motion is granted, the complaint is dismissed insofar as asserted against the defendant Steven J. Sharpe, and the action against the remaining defendant is severed.

The plaintiff alleges that while she was receiving dental treatment from the appellant, he took advantage of their dentist-patient relationship by improperly touching her body, propositioning her, and making sexually suggestive comments. Over one year after she terminated treatment with the appellant, the plaintiff commenced this action seeking damages for the emotional distress she suffered as a result of his conduct. The appellant subsequently moved to dismiss the action upon the ground that it was time-barred by the one-year Statute of Limitations applicable to intentional torts (CPLR 215). The Supreme Court denied the appellant's motion, concluding that the plaintiff's claims constituted a form of dental malpractice governed by the two-year, six-month Statute of Limitations set forth in CPLR 214-a. We disagree.

Here, the gravamen of the plaintiff's claims are that the appellant, for purposes unrelated to dental treatment, subjected her to unwelcome sexual contact. "Regardless of how it is pleaded, sexual abuse is an intentional tort subject to a one-year statute of limitations" (*Sharon B. v Reverend S.*, 244 AD2d 878; *see also, Steo v Cucuzza*, 213 AD2d 624; *Doe v Roe*, 192 AD2d 1089). Since the plaintiff's claims are based upon intentional acts of misconduct which do not bear a substantial relationship to the rendition of dental care, she has not set forth a viable cause of action to recover damages for malpractice (*see, Bleiler v Bodnar*, 65 NY2d 65, 73; *Scott v Uljanov*, 74 NY2d 673, 674-675; *Payette v Rockefeller Univ.*, 220 AD2d 69). Accordingly, this action is time-barred by the one-year Statute of Limitations applicable to intentional torts, and the appellant's motion to dismiss must be granted. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.