■ Michelle Peters, Appellant, v Citibank, N. A., Respondent. [677 NYS2d 626] —In an action, *inter alia*, to recover dam-

ages for the intentional infliction of emotional distress and violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 19, 1997, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that she was constructively discharged from her employment as a result of the hostile work environment created by her supervisor in retaliation for her refusal to violate various Federal regulations.

The first cause of action sounding in intentional infliction of emotional distress is governed by a one-year Statute of Limitations and was properly dismissed as time-barred (*see*, CPLR 215; *Hansen v Petrone*, 124 AD2d 782).

The second cause of action was also properly dismissed since the plaintiff failed to allege that she was constructively discharged from her employment on the basis of any unlawful discriminatory practice pursuant to Executive Law § 296 (1) (a). To the extent the second cause of action was based on a claim for wrongful discharge, it was properly dismissed because New York does not recognize such a tort (*see, Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 297). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.