■ VINCENT J. NAUHEIMER, SR., Individually and as Parent and Natural Guardian of BRIAN NAUHEIMER and Another, Infants, et al., Appellants, v ARCHDIOCESE OF NEW YORK et al., Respondents. [688 NYS2d 700] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered February 11, 1998, as granted the branches of the respective motions of the defendant Gennaro Gentile and the defendant Archdiocese of New York which were to dismiss the causes of action asserted in the proposed amended complaint which were to recover damages for breach of trust and intentional infliction of emotional distress.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly dismissed the first and second causes of action asserted in proposed amended complaint on behalf of the plaintiff Brian Nauheimer, Jr., as time-barred, since the allegations of breach of trust were merely incidental to the intentional tort claims asserted on behalf of that plaintiff, as to which the Statute of Limitations had expired (*see, Tserotas v Greek Orthodox Archdiocese,* 251 AD2d 323; *Sharon B. v Reverend S.,* 244 AD2d 878; *Doe v Roe,* 192 AD2d 1089).

The Supreme Court was also correct in dismissing the fifth cause of action asserted in the proposed amended complaint on behalf of the plaintiff Brian Nauheimer to recover damages for intentional infliction of emotional distress. Although timely interposed on behalf of that plaintiff, the conduct alleged in that cause of action did not rise to a level which would satisfy the element of "extreme and outrageous conduct" (*see, Howell v New York Post Co.,* 81 NY2d 115, 121, *affd in part* 82 NY2d 690; *Andrews v Bruk,* 220 AD2d 376).

The plaintiffs' remaining contentions are without merit. Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.