■ MARIA GKANIOS, Appellant, et al., Plaintiff, v FRANK D'AMBROSIO et al., Respondents. (And a Third-Party Action.) [706 NYS2d 910] —In an action, *inter alia,* to recover damages for wrongful eviction and intentional infliction of emotional distress, the plaintiff Maria Gkanios appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 28, 1998, as granted the respondents' motion to dismiss her causes of action to recover damages for wrongful eviction, conversion, and intentional infliction of emotional distress, (2) an order of the same court dated December 8, 1998, which denied her motion to reargue the order dated September 28, 1998, and (3) so much of an order of the same court entered December 24, 1998, as denied her motion to amend the complaint.

Ordered that the appeal from the order dated December 8, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders entered September 28, 1998, and December 24, 1998, are affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

Pursuant to a judgment entered upon the failure of the plaintiff Nikki Restaurant, Inc. (hereinafter Nikki), to appear or answer in an eviction proceeding based upon the nonpayment of rent, Nikki was evicted from the subject premises on or about March 12, 1991. The plaintiffs did not commence this action until December 6, 1994.

Contrary to the plaintiffs' contentions, the Supreme Court properly dismissed their causes of action to recover damages for wrongful eviction as time-barred (*see, Urra v Friedman,* 231 AD2d 710; *Klishwick v Popovicki,* 186 AD2d 173, 174; *Jones v City of New York,* 161 AD2d 518, 519; *Kolomensky v Wiener,* 135 AD2d 505). Similarly, the cause of action sounding in conversion was also properly dismissed as time-barred (*see,* CPLR 214; *Vigilant Ins. Co. v Housing Auth.,* 87 NY2d 36, 44; *Caitlin v Manilow,* 170 AD2d 357), because the date of the eviction was also the date of the alleged conversion.

The Supreme Court properly found that the plaintiffs' cause of action to recover damages for intentional infliction of emotional distress was untimely (*see,* CPLR 215; *Peters v Citibank,* 253 AD2d 803; *Hansen v Petrone,* 124 AD2d 782). More-

over, the Supreme Court also properly dismissed this cause of action for failure to state a cause of action (*see, Nauheimer v Archdiocese of N. Y.,* 260 AD2d 615; *see generally, Howell v New York Post Co.,* 81 NY2d 115, 122, 82 NY2d 690; *Herlihy v Metropolitan Museum of Art,* 214 AD2d 250, 262).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to amend their complaint (*see, Duffy v Wetzler,* 260 AD2d 596; *Noanjo Clothing v L&M Kids Fashion,* 207 AD2d 436).

The plaintiffs' remaining contentions are without merit. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.