OPINION OF THE COURT
Robert J. Lunn, J.
Defendant, Diocese of Rochester, moves to dismiss the complaint as barred by the applicable statute of limitations *350 and further that it fails to state a cause of action. (CPLR 3211 [a] [2], [5], [7]). Following oral argument at Special Term the court reserved decision.
The claims in this action arise out of the alleged sexual abuse of the 10 plaintiffs by Father Robert F. O’Neill between 1977 and 1986. Plaintiffs’ second amended complaint as it applies to defendant Diocese sets forth four causes of action. These are: vicarious liability due to defendant’s employment of O’Neill, negligent retention and supervision of O’Neill, fiduciary fraud, and breach of fiduciary duty. On December 12, 2002, this court dismissed the second amended complaint as against Robert F. O’Neill as barred by the applicable statute of limitations.
Vicarious Liability Cause of Action
There can be no vicarious liability on the part of an employer if the employee himself is not liable. (Karaduman v Newsday, Inc., 51 NY2d 531, 546 [1980].) Since the underlying liability of Father O’Neill is not actionable due to the running of the statute of limitations, there can be no vicarious liability against the employer Diocese. (Id.; see also Walsh v Faxton-Children’s Hosp., 192 AD2d 1106 [4th Dept 1993].) This cause of action is dismissed.
Negligent Retention and Supervision, Fiduciary Fraud and
Breach of Fiduciary Duty Causes of Action
Plaintiffs argue that the statute of limitations regarding the negligent retention and supervision, fiduciary fraud, and breach of fiduciary duty causes of action are tolled under the doctrine of equitable estoppel. As to each plaintiff, they allege that the Diocese’s intentional concealment of and/or negligent and/or reckless failure to prevent or discover Father O’Neill’s continuing acts of sexual misconduct prevented each plaintiff from discovering or suing upon the wrongs done to him by the Diocese. Accordingly, plaintiffs argue that the Diocese should be equitably estopped from asserting the statute of limitations.
Defendant counters that since the crux of all of plaintiffs’ claims stem from Father O’Neill’s alleged sexual abuse, plaintiffs all had to have known the essential facts material to their causes of action. The Diocese, according to its attorney, could not have prevented plaintiffs from discovering or suing upon the initial misconduct. Thus, defendant argues, these claims are barred as a matter of law by the applicable statute of limitations.
*351 The doctrine of equitable estoppel tolling the applicable statute of limitations is well recognized in New York jurisprudence. “[A] defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.” (Simcuski v Saeli, 44 NY2d 442, 448-449 [1978].) “[W]here a defendant induces a plaintiff to refrain from instituting an action, either by false statements of fact or by active concealment of the true facts, he may be estopped from using the Statute of Limitations to dismiss an otherwise untimely suit against him. Where the estoppel is based upon an actual misrepresentation by defendant, the plaintiff is required to allege that justified reliance upon the misrepresentation was the reason for not timely starting the action. Similarly, where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing an action within the Statute of Limitations, the courts have invoked estoppel only where there was a fiduciary relationship which gave defendant an obligation to inform plaintiff of facts underlying the claim” (Jordan v Ford Motor Co., 73 AD2d 422, 423-424 [4th Dept 1980] [citations omitted]).
Plaintiffs must first establish a fiduciary relationship between the Diocese and themselves. Plaintiffs urge the court to adopt the fiduciary duty of a diocese, tacitly found by the Second Circuit in Martinelli v Bridgeport R.C. Diocesan Corp. (196 F3d 409, 426 [2d Cir 1999]), to warn its parishioners of abusive priests as the basis for invoking equitable estoppel to toll the statute of limitations. Martinelli was based upon Connecticut law. Here, plaintiffs have alleged in their complaint, and which for purposes of this motion must be accepted as true, that defendant Diocese (a) had knowledge of O’Neill’s prior history of alcohol abuse, alcohol abuse with minors and sexual abuse of boys, and (b) concealed this knowledge from plaintiffs by moving O’Neill from parish to parish, changing his work responsibilities and continuing to allow him to administer sacraments. Plaintiffs argue that these allegations, coupled with the fiduciary duty established by Martinelli, would be sufficient to equitably estop the defendant from asserting the statute of limitations. Conversely, if under New York law there is no fiduciary relationship between a diocese and its parishioners from which a duty to disclose or warn of abusive priests can be found the argument must fail. After exhaustive research on this issue, the court finds no authority to support that claim of a fiduciary relationship on this record (see Langford v Roman Catholic Diocese of Brooklyn, 271 AD2d 494 [2d Dept 2000]; *352 Schmidt v Bishop, 779 F Supp 321, 326 [SD NY 1991]). “A fiduciary relationship only arises when one has reposed trust and confidence in the integrity and fidelity of another who thereby gains influence or assumes control and responsibility” (Laikin v Vaid, 2001 NY Slip Op 50078 [U], *3, citing Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, 193 AD2d 322 [2d Dept 1993]). Nowhere does the alleged conduct of the Diocese create such a relationship between it and these plaintiffs. Any further analysis and any further attempt to define a fiduciary duty allegedly owed by a diocese to a parishioner on this record is an invitation to “venture into * * * ecclesiastical terrain” which this court respectfully declines (see Langford, supra at 495). In any event, the cause of action accrued if at all upon the happening of the alleged incident or incidents involving Father O’Neill. No alleged conduct on the part of the Diocese prevented plaintiffs from gathering essential facts prior to the expiration of the statute. The only specific allegations of “concealment” made by plaintiffs purportedly occurred in 2001 and 2002 when the Diocese allegedly concealed from individual plaintiffs that other plaintiffs had made similar complaints in that time frame. This act, even if accepted as true, occurred many years after the statute of limitations had run and in no way can be construed as having prevented plaintiffs from discovering the alleged tortious conduct in order to commence the action in a timely manner, conduct which by definition was within their knowledge (see Zoe G. v Frederick F.G., 208 AD2d 675 [2d Dept 1994]).
Alternatively, defendant argues that the fraud claim should be dismissed because it is incidental to the claims arising out of Father O’Neill’s sexual abuse. The court agrees. In order to sustain a cause of action for fraud separate from the claims of sexual abuse, the alleged fraud must occur separately from and subsequent to the abuse, and then only where the fraud claim gives rise to damages separate and distinct from those flowing from the abuse (see Coopersmith v Gold, 172 AD2d 982, 984 [3d Dept 1991]; Doe v Roe, 192 AD2d 1089 [4th Dept 1993]; Schmidt v Bishop, 779 F Supp 321, 326 [SD NY 1991]). Plaintiffs have not alleged any damages separate and distinct from the sexual abuse. Additionally, plaintiffs have alleged only speculative, nonpecuniary damages which are not recoverable in a fraud claim (see O’Neill v O’Neill, 264 AD2d 766 [2d Dept 1999]).
Lastly, although not specifically argued or briefed, the cause of action pleaded with respect to negligent retention and *353 negligent supervision must also fail for reasons independent of the statute of limitations defense. Any attempt by the court to define standards and rules under which a priest is retained or supervised necessarily and impermissibly involves the court in church doctrine (see Schmidt v Bishop, 779 F Supp 321, 332 [1991], supra).
For the reasons stated, defendant’s motion is granted and the complaint is dismissed.