■ JEFFREY MARS et al., Appellants, v DIOCESE OF ROCHESTER, Respondent, et al., Defendant. [775 NYS2d 681]—

Appeal from an order and judgment (one document) of the

Supreme Court, Monroe County (Robert J. Lunn, J.), entered May 29, 2003. The order and judgment granted the motion of defendant Diocese of Rochester to dismiss the second amended complaint against it.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action in June 2002 against the Diocese of Rochester (defendant) to recover damages stemming from their sexual abuse by a Catholic priest employed by defendant. The abuse allegedly took place between 1975 and 1986, when plaintiffs were between 12 and 16 years old. The second amended complaint alleges that defendant is vicariously liable for the priest's actions under the theory of respondeat superior, that defendant was negligent in retaining and supervising the priest, that defendant committed fiduciary fraud by misrepresenting and concealing the priest's sexual misconduct, and that defendant breached fiduciary duties owed to plaintiffs. Supreme Court properly dismissed the second amended complaint against defendant as barred by the statute of limitations. Contrary to the contention of plaintiffs, there is no "delayed discovery rule" applicable to this case (*see Sharon B. v Reverend S.*, 244 AD2d 878, 879 [1997]; *Bassile v Covenant House*, 191 AD2d 188 [1993], *lv denied* 82 NY2d 656 [1993]). Moreover, none of the plaintiffs has sufficiently alleged facts giving rise to a fiduciary relationship between plaintiffs and defendant (*see Doe v Norwich R.C. Diocesan Corp.*, 268 F Supp 2d 139, 149 [2003]; *Doe v Hartz*, 52 F Supp 2d 1027, 1064 [1999]), and thus they may not argue that defendant is equitably estopped, based on its alleged nondisclosure or fraudulent concealment of facts, from invoking the statute of limitations as a defense (*see Hetelekides v Ford Motor Co.*, 299 AD2d 868 [2002]; *Jordan v Ford Motor Co.*, 73 AD2d 422, 424 [1980]; *see also Zoe G. v Frederick F.G.*, 208 AD2d 675, 675-676 [1994]). Even assuming, arguendo, that plaintiffs alleged sufficient facts to establish a fiduciary relationship between themselves and defendant, we conclude that equitable estoppel does not apply because plaintiffs possessed " 'timely knowledge' sufficient to place [them] under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations" (*McIvor v DiBenedetto*, 121 AD2d 519, 520 [1986]). In light of our determination, we do not reach plaintiffs' remaining contentions. Present—Green, J.P., Hurlbutt, Kehoe and Gorski, JJ.