██ JOHN DOE, Appellant, v HOLY SEE (STATE OF VATICAN CITY), Defendant, and DIOCESE OF ROCHESTER et al., Respondents. [775 NYS2d 729]—

Appeal from an order and judgment (one document) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered June 24, 2003. The order and judgment granted the motion of defendants Diocese of Rochester, Matthew H. Clark, Bishop of Rochester, and St. John's The Evangelist Church to dismiss the complaint against them and denied plaintiff's cross motion for leave to amend the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries arising from his alleged sexual abuse by a Catholic priest. The abuse allegedly occurred in 1968 or 1969, when plaintiff was a parishioner and altar boy at defendant St. John's The Evangelist Church (Church). At the time the action was commenced in December 2002, plaintiff was 47 years old. Supreme Court properly granted the motion of the Diocese of Rochester, Matthew H. Clark, Bishop of Rochester, and the Church (defendants) to dismiss the complaint against them as

time-barred. Plaintiff has not "sufficiently alleged facts giving rise to a fiduciary relationship between plaintiff[ ] and defendant[s] (*see Doe v Norwich R.C. Diocesan Corp.,* 268 F Supp 2d 139, 149; *Doe v Hartz,* 52 F Supp 2d 1027, 1064), and thus [he] may not argue that defendant[s are] equitably estopped, based on [their] alleged nondisclosure or fraudulent concealment of facts, from invoking the statute of limitations as a defense (*see Hetelekides v Ford Motor Co.,* 299 AD2d 868; *Jordan v Ford Motor Co.,* 73 AD2d 422, 424; *see also Zoe G. v Frederick F.G.,* 208 AD2d 675, 675-676)" (*Mars v Diocese of Rochester,* 6 AD3d 1120, 1121 [2004]). Recognizing plaintiff's allegations of duress based upon Catholic Church doctrine concerning the status and role of priests would require us "to venture into forbidden ecclesiastical terrain" (*Langford v Roman Catholic Diocese of Brooklyn,* 271 AD2d 494, 495 [2000] [internal quotation marks omitted]), and plaintiff has not otherwise alleged duress on the part of defendants sufficient to toll the statute of limitations (*see Steo v Cucuzza,* 213 AD2d 624, 626 [1995]; *Zoe G.,* 208 AD2d at 675). Finally, in view of our determination, we further conclude that the court properly denied plaintiff's cross motion for leave to amend the complaint because an action based on vicarious liability against the remaining defendant is likewise time-barred (*see Walsh v Faxton-Children's Hosp.,* 192 AD2d 1106, 1107 [1993]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.