■ JOHN S. ZUMPANO, Appellant, v JAMES F. QUINN, Individually and in His Capacity as Assistant Pastor at St. Agnes Catholic School, et al., Respondents. [784 NYS2d 779]—

Appeal from an order of the Supreme Court, Oneida County

(Norman I. Siegel, A.J.), entered December 18, 2003. The order granted defendants' motion dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for intentional and negligent torts in connection with alleged sexual abuse by defendant James F. Quinn from 1963, when plaintiff was 13 years old, until 1970. Defendants sought dismissal of the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was time-barred. In opposition to the motion, plaintiff presented medical evidence and affidavits in support of his contention that he was insane pursuant to CPLR 208, i.e., unable to function in society (*see McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]), and therefore unable to protect his legal rights within 10 years from the accrual of the causes of action, as required by CPLR 208. Plaintiff further contended that, because the wrongdoing of defendants caused his disability, they should not benefit from the expiration of the statute of limitations and should therefore be equitably estopped from asserting that defense. Although "[o]ur courts have long had the power . . . to bar the assertion of the affirmative defense of the Statute of Limitations where it is the defendant[s'] affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding," that power does not extend to the facts herein (*General Stencils v Chiappa*, 18 NY2d 125, 128 [1966]). Because plaintiff fails to allege any acts on the part of defendants since 1970 that were separate from and subsequent to the alleged acts of abuse and concealment that are the basis of the tort claims, the doctrine of equitable estoppel is not applicable (*see Steo v Cucuzza*, 213 AD2d 624, 626 [1995]; *see generally Doe v Holy See [State of Vatican City]*, 6 AD3d 1228, 1229 [2004]; *cf. von Bulow by Auersperg v von Bulow*, 634 F Supp 1284, 1300-1301 [SD NY 1986]; *Anonymous v Anonymous*, 154 Misc 2d 46, 56 [1992]). We recognize that "the tolling provisions as presently existing in New York are of little practical use to the victim of childhood sexual abuse litigating as an adult" (*Anonymous*, 154 Misc 2d at 57). Nevertheless, "the Legislature intended the toll for insanity to be narrowly interpreted" (*McCarthy*, 55 NY2d at 548), and we therefore conclude that Supreme Court properly granted the motion and dismissed the complaint. Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.