■ JOHN DOE, Appellant, v HOLY SEE (STATE OF VATICAN CITY) et al., Respondents. [793 NYS2d 571]—

Mercure, J.P. Appeal from an order of the Supreme Court (Rumsey, J.), entered October 6, 2003 in Tioga County, which granted certain defendants' motion to dismiss the complaint.

Plaintiff, who was born in 1964, attended defendant St. Patrick's Church grade school and Sunday school and served as an altar boy from 1974 until 1979 under the supervision of a priest who allegedly sexually abused him. In 2003, plaintiff commenced this action against St. Patrick's Church, as well as defendants Holy See and Diocese of Rochester, alleging breach of fiduciary duty, fraud, negligent retention and supervision, and negligent failure to warn or instruct. Plaintiff asserts that prior to the alleged abuse, defendants were aware that the priest had engaged in criminal sexual behavior with children but they nevertheless transferred the priest to plaintiff's church as part of a conspiracy to conceal the priest's misconduct and avoid liability. Upon a motion by the Diocese and Church, Supreme Court dismissed the complaint in its entirety on the ground

that plaintiff's claims were barred by the applicable statute of limitations. Plaintiff appeals and we now affirm.

Plaintiff does not dispute that the statutes of limitations—unless tolled—expired on his claims at least 15 years before he commenced the instant action. Instead, he asserts that the statutes of limitations should be tolled due to the existence of a fiduciary relationship between himself and defendants, giving rise to an obligation on defendants' part to disclose any knowledge they had of the priest's prior sexual misconduct.* In particular, plaintiff asserts that by maintaining a program of instruction for altar boys, defendants entered into a fiduciary relationship with him. Defendants' sponsorship of religious and educational programs for its minor parishioners, however, was not, in itself, sufficient to create a fiduciary relationship with plaintiff (*see Doe v Holy See [State of Vatican City]*, 17 AD3d 793 [2005]; *see generally Mars v Diocese of Rochester*, 6 AD3d 1120, 1121 [2004], *lv denied* 3 NY3d 608 [2004]; *Doe v Holy See [State of Vatican City]*, 6 AD3d 1228, 1228-1229 [2004]). Moreover, even assuming that a fiduciary relationship did exist at some point, plaintiff failed to demonstrate that the relationship continued after he reached the age of majority or that he exercised due diligence in commencing this action after that relationship ceased (*see Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 796, *supra* [2005]; *see also Simcuski v Saeli*, 44 NY2d 442, 450 [1978]). Finally, plaintiff's argument that the statute of limitations should be tolled based on a doctrine of "religious duress" is untenable both because he failed to show that the claimed duress continued after he reached the age of majority and because our recognition of the doctrine, grounded in the teachings of the Catholic Church, would require us " 'to venture into forbidden ecclesiastical terrain' " (*Doe v Holy See [State of Vatican City]*, 6 AD3d 1228, 1229 [2004], *supra*, quoting *Langford v Roman Catholic Diocese of Brooklyn*, 271 AD2d 494, 495 [2000]; *see Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 796-797, *supra* [2005]). We have considered plaintiff's remaining arguments and conclude that they are without merit.

Crew III, Spain and Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Plaintiff does not assert any causes of action against the allegedly abusive priest, acknowledging that the statute of limitations has run with respect to any intentional tort committed by the priest. The basic facts underlying such an intentional tort—the alleged abuse itself—are to be distinguished from the facts underlying the causes of action asserted in the complaint, which turn on defendants' knowledge of the priest's prior sexual misconduct (*see e.g. Sharon B. v Reverend S.*, 244 AD2d 878, 879 [1997]).