10-0650-cv
*Bisson v. Martin Luther King Jr. Health Clinic*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand ten.

PRESENT:    DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                        *Circuit Judges*,
            DAVID G. LARIMER,
                        *District Judge*.[*]

DOROTHY BISSON,
            *Plaintiff-Appellant*,

    -v.-                                        No. 10-0650-cv

MARTIN LUTHER KING JR. HEALTH CLINIC, GOOD SAMARITAN HOSPITAL MAMMOGRAM & BREAST DIAGNOSTICS, NASSAU SUFFOLK OBGYN, REBECCA BEZALEL, M.D.
            *Defendants-Appellees*.

                        Mary Ellen O'Brien, Garden City, NY, *for Plaintiff-Appellant*.

                        Michael G. Kruzynski, Lewis Johs Avallone Aviles, LLP, Riverhead, NY; Scott G. Christesen, Fumuso, Kelly, DeVerna, Snyder, Swart & Farrell, LLP, Hauppauge, NY, *for Defendants-Appellees*.

---

[*]The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Dorothy Bisson appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), granting Defendants' motions for summary judgment on the basis that Plaintiff had not filed her claim in a timely fashion under the applicable statutes of limitations and was not entitled to equitable estoppel. The district court also denied Plaintiff's motion for leave to file a late notice of claim against the Martin Luther King Jr. Health Clinic. In an earlier appeal in this case, we affirmed the District Court's finding that Plaintiff had not timely filed her claim under New York law, but we remanded to allow the Plaintiff to raise the doctrine of equitable estoppel before the District Court. *See Bisson v. Martin Luther King Jr. Health Clinic*, No. 07-5416-cv, 2008 WL 4951045 (2d Cir. Nov. 20, 2008). We assume the parties' familiarity with the facts and procedural history of the case and the issues on appeal.

We engage in *de novo* review of a district court's grant of summary judgment, drawing all inferences in favor of the nonmoving party. *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). As we have previously noted, "[u]nder New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794 (3d Dep't 2005)). Further, "'[d]ue diligence on the part of the plaintiff in bringing [an] action[]' . . . is an essential element of equitable relief." *Id.* (second alteration in original) (quoting *Holy See*, 17 A.D. at 796).

Plaintiff argues that equitable estoppel should apply based on Defendants' alleged failure to follow acceptable medical practice in failing to diagnose her breast cancer, and the instructions the doctors purportedly gave that, because nothing was wrong, she could simply come back to the health facility once she had turned forty to begin yearly routine exams. However, as the District Court recognized and the Plaintiff concedes, under New York law, in demonstrating entitlement to equitable estoppel:

> [A] plaintiff may not rely on the same act that forms the basis for the claim – the later fraudulent misrepresentation must be for the purpose of concealing the former tort. The uncommon remedy of equitable estoppel "is triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient."

*Ross v. Louise Wise Services, Inc.*, 8 N.Y.3d 478, 491 (2007) (citation omitted) (quoting *Zoe G. v. Frederick F. G.*, 208 A.D.2d 675, 675-76 (2d Dep't 1994)). Specifically with respect to medical malpractice, the New York Court of Appeals has made clear that a claim of fraudulent concealment cannot be based on the "alleged improper advice to plaintiff that there was nothing wrong." *Rizk v. Cohen*, 73 N.Y.2d 98, 105-06 (1989). Instead, Plaintiff must establish that the Defendants, "acting with knowledge of *prior* malpractice, made *subsequent* misrepresentations in an attempt to conceal [the] earlier negligence." *Id.* at 106.

Here, Plaintiff attempts to rely on the alleged instructions regarding when to follow up as the separate and distinct act from the alleged malpractice that would serve as a basis for equitable estoppel. However, she provides no evidence that this recommendation that she come back at the age of forty for a routine exam was made with knowledge of the alleged failure to diagnose her breast cancer. While Plaintiff alleges that Defendants "knew or should be deemed to have known that they did not follow proper medical procedures when [she] initially presented herself to them and

they performed a baseline/screening analysis as if she had no visible symptoms of breast cancer," she presents no case law in support of this contention and we have found no New York cases allowing a plaintiff to establish entitlement to equitable estoppel based simply on a presumption of knowledge in these circumstances. *Cf. Roosa v. Frankel*, 166 A.D. 2d 569, 570 (2d Dep't 1990) (holding that a dentist's statement that crowns placed in plaintiff's mouth would last ten to fifteen years was "legally insufficient to support a finding that the defendant intentionally concealed an act of dental malpractice and knowingly misrepresented the condition of the plaintiff's teeth"). In the absence of any evidence of subsequent misrepresentations made with knowledge of the prior malpractice, we agree with the District Court's conclusion that the Defendants are not equitably estopped from raising a statute of limitations defense in this case.

Plaintiff also appeals the District Court's holding that she was barred by New York's General Municipal Law from asserting a claim against the Martin Luther King Jr. Health Clinic, an entity owned and operated by Suffolk County. New York law provides that in order to bring a tort suit against a county, a notice of claim must be filed "within ninety days after the claim arises," N.Y. Gen. Mun. L. § 50-e(1)(a), and the suit itself must be brought within one year and ninety days of the claim arising, *id.* § 50-i(1). While a court may in its discretion grant an extension of the time in which to serve the notice, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant" against the municipal defendant. *Id.* § 50-e(5). Because Plaintiff's claim is time-barred and not entitled to equitable estoppel here, we need not and do not reach the question whether Plaintiff's claim against the Martin Luther King Jr. Health Clinic was also barred by these provisions.

We have considered Plaintiff's other arguments on appeal and find that they are without merit or moot. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5